In re Alberto **DUQUE RODRIGUEZ**
and Domino Investments,
Ltd., Debtors.

John Paul **MURPHY**, as Trustee for
Duque, Plaintiff,

v.

Maria Alejandra **VALENCIA DE DU-
QUE**, a/k/a Tana Duque, a/k/a
Maria Alejandra Valencia, Defendant.

Bankruptcy No. 83–00903–BKC–TCB.
Adv. No. 87–0189–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 13, 1987.

See also, Bkrtcy., 77 B.R. 933.

Patrick S. Scott, Blackwell, Walker, Fascell & Hoehl, Miami, Fla., for plaintiff.

Herbert Stettin, P.A., Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks the recovery under 11 U.S.C. § 548(a)(1) or (2) and § 550 of $2.15 million transferred two days before bankruptcy by the debtor Duque to the defendant, his wife. Defendant has answered and the matter was tried on May 15. Three other counts which involved the same transaction were abandoned at trial.

This is one of 26 similar actions against various defendants filed simultaneously by this trustee. By stipulation between the parties, the issue of insolvency on the transfer date was tried separately as to all the actions. By a separate Memorandum Decision dated June 26, 75 B.R. 829 (Bankr. S.D.Fla.1987), I have found that Duque was insolvent on the date of this transfer. (C. P. No. 20). I now find that the trustee has proved his entitlement to judgment for the relief he seeks.

There is no conflicting testimony and the events material to this case are undisputed. Most of the evidence is documentary and both the debtor and the defendant invoked the Fifth Amendment.

The $2.15 million in question here was credited to the defendant's account in a Miami bank on May 17, 1983. Hers was the only authorized signature on the account. The funds were disbursed from the account shortly thereafter over her signature to serve her purposes. The account had been opened by the debtor in early May when a major creditor, the Shawmut Bank of Boston began calling its loans to the debtor.

The money came from the loan proceeds ($4.7 million) of a personal loan to the debtor from the Arab National Bank on May 9, 1983 and was credited the following day to

the account of Domino Investments, Ltd., an entity wholly owned and controlled by the debtor.

On May 10 Shawmut filed a complaint seeking injunctive relief against the debtor to prevent the dissipation of the debtor's funds. On May 10, 11 and 12 the debtor transferred the proceeds of the Arab Bank loan from the Domino account to various accounts and entities including the $2.15 million transferred to his wife's account.[1]

■ I find that the sum at issue here was transferred by the debtor from money borrowed for his own account to his wife through an initial transferee, Domino, for the benefit of his wife, receiving no equivalent value in exchange, when the debtor was insolvent.[2] It follows that the transfer is constructively fraudulent and, therefore, avoidable under § 548(a)(2) and is recoverable from the defendant under § 550(a)(1).

■ Alternatively, I find that the transfer was made by the debtor with actual intent to hinder, delay or defraud his creditors. I reach this finding by inference from the facts, particularly the insolvency of the debtor, the impending pressure from his creditors, the absence of consideration, the debtor's relationship to the defendant/transferee and the pattern and timing of this and related transfers made by the debtor. *See Walker v. Treadwell (In re Treadwell)*, 699 F.2d 1050 (11th Cir.1983).

The transfer is, therefore, also avoidable under § 548(a)(1) and recoverable from defendant on that ground.

As is required by B.R. 9021(a), a separate judgment will be entered for the trustee against the defendant for recovery of $2.15 million. Costs may be taxed on motion.

See also, Bkrtcy., 77 B.R. 936.

---

1. The details of these transfers are documented. The testimony of the debtor's chief lieutenant who assisted the debtor in arranging these transfers is also before me. In addition to verifying the debtor's personal and direct involvement, this witness has also testified that the debtor established the account for his wife because Shawmut was "trying to close the loans". I have disregarded this apparent hearsay and have considered only that evidence from this witness that resulted from his direct observation and participation.

2. In *Nordberg v. Sanchez (In re Chase & Sanborn Corp.)*, 813 F.2d 1177, 1181–1182 (11th Cir.1987) the court upheld this court's finding and conclusion that the funds from the Arab Bank loan remained the property of the debtor Duque notwithstanding their brief passage through entities under his complete control. Neither this plaintiff nor this defendant were parties to that action and I do not suggest that they are in any way bound by that decision. However, the essential evidence here with respect to the transaction is the same and I have applied the legal principles as announced in *Nordberg v. Sanchez*.