RONEY, Circuit Judge:
 

 The Trustee in Bankruptcy appeals from an order of the bankruptcy court denying the estate recovery of funds transferred by the Debtor to his daughters within one year before he filed a petition in bankruptcy. We agree with the Trustee that, although the funds came from the payment of social security benefits, they were not exempt from the operation of the new Bankruptcy Code and the gifts could be set aside as fraudulent conveyances. We therefore reverse.
 

 The facts are not in dispute. Less than one year before filing for voluntary bankruptcy, the Debtor transferred $1,000 to one daughter, Regina Taylor, and $3,000 to another daughter, Kathy Treadwell. The $4,000 came from a bank account which consisted exclusively of accumulated social security benefits. The Debtor did not receive any consideration for the money other than familial love and affection. At the time of the gift, the Debtor was insolvent within the meaning of the Bankruptcy Code, 11 U.S.C.A. § 101(26).
 

 In his bankruptcy petition, the Debtor disclosed the existence of the gifts. The Trustee in Bankruptcy then filed suit, seeking a declaration that the transfers were null and void as fraudulent conveyances. 11 U.S.C.A. § 548. The bankruptcy court held for the Debtor, reasoning that section 207 of the Social Security Act, 42 U.S.C.A. § 407, exempted the funds from the reach
 
 *1051
 
 of creditors acting under the Bankruptcy Code. Pursuant to an agreement of the parties, the Trustee has appealed directly to this Court. Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, § 405(c)(1)(B), 92 Stat. 2549, 2685 (1978).
 

 There is little doubt that if the Social Security Act does not protect the money from creditors, the transfers were fraudulent conveyances, within the meaning of the Bankruptcy Code, which the Trustee could avoid. A bankruptcy trustee may bring back into the estate for the benefit of the bankrupt’s creditors any property transferred for less than equivalent value within a year of bankruptcy, if the debtor was insolvent at the time. 11 U.S.C.A. § 548.
 
 [1]
 
 The parties have stipulated that the Debtor transferred the money to his daughters within one year of filing his bankruptcy petition and that at the time he was insolvent.
 

 The only consideration that Debtor claims to be the reasonable equivalent value of the money transferred is the “love and affection” of his daughters. As the definition of the term “value” under section 548 illustrates, love and affection are clearly insufficient to protect the transfers from the Trustee. “Value” means “property, or satisfaction or securing of a present or antecedent debt of the debtor, but does not include an unperformed promise to furnish support to the debtor or to a relative of the debtor.”
 
 Id.
 
 § 548(d)(2)(A). The daughters did not give their father property or satisfy or secure any of his debts. Hopefully, he already had their love and affection. Even if the love and affection of the daughters for their father increased $4,000 worth, it is of no benefit to the creditors. That his love and affection for them motivated the gift does not satisfy the intent of the statute. The object of section 548 is to prevent the debtor from depleting the resources available to creditors through gratuitous transfers of the debtor’s property.
 
 See
 
 S.Rep. No. 989, 95th Cong., 2d Sess. 89,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5875 (Section 548 “permits the trustee to avoid transfers by the debtor in fraud of his creditors”). Love and affection have been held to be inadequate consideration under state fraudulent conveyance laws.
 
 United States v. West,
 
 299 F.Supp. 661, 666 (D.Del. 1969);
 
 Roddam
 
 v.
 
 Martin,
 
 285 Ala. 619, 622, 235 So.2d 654, 656 (1970). The transfers in this case were no more than gifts.
 
 See Flatau
 
 v.
 
 Atef (In re Gaites),
 
 466 F.Supp. 248, 254 (M.D.Ga.1979) (when the recited consideration is love and affection, there is generally a gift). And a debtor’s gifts made within one year of filing for bankruptcy are voidable by the trustee.
 
 Stone v. Moore,
 
 375 F.2d 110, 113 (5th Cir.1967).
 

 The only issue here, then, is whether the Social Security Act forecloses the operation of section 548 as to the accumulated social security benefits that were transferred. Section 207 of the Social Security Act, 42 U.S.C.A. § 407, provides:
 

 The right of any person to any future payment [of social security benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 

 The question immediately posed is what the plain words of the statute
 

 . . . none of the moneys paid or payable ... shall be subject to ... the operation of any bankruptcy or insolvency law
 

 mean, if the following analysis is correct. In our view, the words merely indicate that the exemption there given cannot be taken
 
 *1052
 
 away by a bankruptcy law. They do not prevent the Bankruptcy Code from requiring a debtor to claim the exemption affirmatively, or to forego another otherwise available exemption if the social security exemption is claimed.
 

 The purpose of section 407 and the legislative history and intent of the Bankruptcy Code convince us that section 407 does not override the fraudulent conveyance provision of federal bankruptcy law in this case. The key to the decision really lies in the exemption framework of the Bankruptcy Code. Under 11 U.S.C.A. § 522(b), a debtor filing for bankruptcy may exempt certain assets from the property of the estate available for creditors. He may either take the exemptions specified in the Code itself, 11 U.S.C.A. § 522(d), unless state law prohibits this option,
 
 [2]
 
 “or, in the alternative,” he may take the exemptions provided by other federal statutes and state law. That the debt- or must choose between the two exemption systems, rather than enjoy the benefits of both, is perfectly clear. H.Rep. No. 595, 95th Cong., 1st Sess. 126, 360,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6087, 6316.
 
 See Cheeseman v. Nachman,
 
 656 F.2d 60, 62 (4th Cir.1981).
 

 Accumulated or past due social security payments which are covered by 42 U.S.C.A. § 407 are among the exemptions provided by non-bankruptcy federal law that the debtor can elect instead of the exemptions listed in the Bankruptcy Code. H.Rep. No. 595, 95th Cong., 1st Sess. 360,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5963, 6316. The House Report states:
 

 The debtor may choose the Federal exemptions prescribed in subsection (d), or he may choose the exemptions to which he is entitled under other Federal law and the law of the State of his domicile. If the debtor chooses the latter, some of the items that may be exempted under other Federal laws include:
 

 —Social security payments, 42 U.S.C. 407.
 

 If a debtor chooses the alternative of taking exemptions listed in the Bankruptcy Code, he may exempt, among other things, his “right to receive a [future] social security benefit,” but not an accumulated benefit that has already been distributed. 11 U.S. C.A. § 522(d)(10)(A).
 
 See
 
 H.Rep. No. 595, 95th Cong., 1st Sess. 362,
 
 reprinted in
 
 U.S. Code Cong. & Ad.News 5963, 6318 (Section 522(d)(10)(A) “exempts certain benefits that are akin to future earnings of the debtor. These include social security .... ”).
 

 This analysis of section 522 illustrates that the exemption from -the operation of the bankruptcy law provided by 42 U.S.C.A. § 407 is not absolute. If a debtor chooses the Bankruptcy Code exemptions, he gives up the protection of section 407, freeing accumulated social security benefits for the satisfaction of creditors.
 

 Thus, the Debtor in this case could have obtained the exemption of section 407, but only by forsaking the exemptions specified in the Bankruptcy Code, 11 U.S.C.A. § 522(d), and electing the state and non-bankruptcy federal exemptions. 11 U.S. C.A. § 522(b). Nothing in the language of section 407 permits a social security recipient to claim all bankruptcy exemptions in addition to the social security exemption. It is undisputed that the Debtor claimed exemptions under section 522(d) and did not claim an exemption for any accumulated social security benefits.
 
 [3]
 

 
 *1053
 
 A contrary reading of the statute would not serve the purpose of section 407. The reason for exempting social security benefits from creditors’ claims is to insure the needy have the necessary resources for continuing basic care and maintenance.
 
 See Department of Health and Rehabilitative Services, Florida v. Davis,
 
 616 F.2d 828, 831 (5th Cir.1980);
 
 Estate of Vary,
 
 65 Mich. App. 447, 450, 237 N.W.2d 498, 500 (1975),
 
 aff’d
 
 401 Mich. 340, 258 N.W.2d 11 (1977),
 
 cert. denied,
 
 434 U.S. 1087, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978). The benefits in this case are not helping the Debtor care for himself because he transferred the money without receiving value in exchange. Despite the “all-inclusive” language of section 407,
 
 Philpott v. Essex County Welfare Board,
 
 409 U.S. 413, 415, 93 S.Ct. 590, 591, 34 L.Ed.2d 608 (1973), we previously have rejected a construction that would bar creditors where the statutory objective of preserving essential resources for the debtor could not have been effectuated.
 
 See Department of Health and Rehabilitative Services, Florida v. Davis,
 
 616 F.2d at 831 (debtor, an incompetent who could not use the social security benefits to care for himself, lived in a facility operated by the state creditor).
 
 See also Estate of Vary,
 
 237 N.W.2d at 500 (debtor had died).
 

 REVERSED.
 

 [1]
 

 . Section 548 provides:
 

 (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—
 

 (2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
 

 (B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
 

 [2]
 

 . At the time the Debtor filed for bankruptcy, Georgia, the state of his domicile, permitted a debtor to take the federal bankruptcy exemptions. Since then, Georgia has amended its law to restrict a debtor to the state exemptions, which have been enlarged to include, among other things, social security benefits, Ga.Code § 51-1301.1 (Supp.1981), and the non-bankruptcy federal exemptions.
 
 Id.
 
 § 51-1601 (Supp.1981).
 

 [3]
 

 . Although not in the record on appeal, the Trustee’s brief recites the following property claimed on Schedule B^l of the bankruptcy petition:
 

 Cash on hand $ 30.00
 

 Joint Checking Account at C & S Bank,
 

 Augusta, Georgia (V2 interest) 312.50
 

 Joint Checking Account at American Security Bank, Washington, D.C.
 

 (V2 interest) 110.00
 

 
 *1053
 
 Joint Savings Account at Fort Gordon Federal Credit Union ('/2 interest)
 

 Motor Vehicles:
 

 1975 Chevrolet Caprice (>/2 interest)
 

 1976 Chevrolet Luv pick-up (V2 interest) (door smashed)
 

 100 Shares Montana Power Co. Stock (V2 interest)
 

 Cash Value of Life Insurance Policy $310.50 with Great Southern Life
 

 Firearms:
 

 750.00 12 Gauge Shotgun
 

 .22 Rifle 1,000.00 .270 Rifle
 

 975.00
 

 $8,220.00
 

 75.00
 

 10.00
 

 75.00
 

 $11,868.00