**In re Carole K. CRANDALL, Debtor.**

**Bankruptcy No. 95–03884–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Dec. 5, 1995.

Burton J. Green, Cocoa Beach, FL, for Debtor.

John H. Meininger, III, Orlando, FL, for Trustee Leigh R. Meininger.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Trustee's Objection to Property Claimed as Exempt. (Doc. 15). Appearing before the Court were Carole Crandall, the Debtor; Burton J. Green, attorney for the Debtor; and John H. Meininger, III, attorney for the Trustee. After reviewing the motion, exhibits, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

In 1991, Carole Crandall ("Debtor") suffered a stroke. The Debtor is disabled and unemployed. On June 20, 1995, the Debtor received a judgment in the amount of $18,156.48 which represented back benefits awarded under Social Security. The Debtor deposited these funds in an account at Nations Bank in Cocoa Beach, Florida.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on July 28, 1995. At the time of filing, the Debtor had approximately $10,000.00 in the Nations Bank account which she claimed as exempt pursuant to 42 U.S.C. § 407. The Trustee filed an objection. At the hearing, the Debtor also claimed that the funds were exempt under section 222.201(1) of the Florida Statutes.

The Debtor testified that the only money deposited in the Nations Bank account has been the June 1995 social security disability award and subsequent monthly social security disability payments. A portion of the social security award was utilized by the Debtor to purchase a mobile home. The Debtor presented evidence that she receives

$789.00 per month from social security disability while her monthly expenses total $766.67. (Doc. 18, Exs. 3, 4).

The court finds that the Debtor's monthly income minimally covers her monthly expenses and that unanticipated expenses could hinder the Debtor's ability to satisfy her basic needs. Therefore, the court determines that $5,000.00 of the accumulated social security disability benefits should be exempt.

### CONCLUSIONS OF LAW

■ The issue before the Court is whether the lump-sum back benefits constitute exempt property. Pursuant to section 522 of the Bankruptcy Code, a debtor may exempt certain property from the bankruptcy estate. 11 U.S.C. § 522. Section 522(b) provides for two exemption methods: (1) the exemptions available under § 522(d) exemptions; or (2) the exemptions provided by state and local law and other federal law. 11 U.S.C. § 522(b)(1), (b)(2). Florida has opted out of the exemptions provided in § 522(d). Fla. Stat.Ann. § 222.20 (West 1989). Thus, Florida permits debtors to select only state and nonbankruptcy exemptions. *In re Green,* 178 B.R. 533 (Bankr.M.D.Fla.1995). However, pursuant to section 222.201 of the Florida Statutes, an individual debtor may also exempt any property listed in 11 U.S.C. § 522(d)(10). Fla.Stat.Ann. § 222.201 (West 1989). Section 522(d)(10) allows a debtor to exempt the debtor's right to receive a social security benefit. 11 U.S.C. § 522(d)(10)(A). The Eleventh Circuit has interpreted § 522(d)(10)(A) to represent future social security benefits. *Matter of Treadwell,* 699 F.2d 1050, 1052 (11th Cir.1983).

Section 407 of Title 42 provides as follows: (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

42 U.S.C.A. § 407 (West 1991). Prior to the addition of subsection (b) of § 407, the Eleventh Circuit analyzed § 407 in *Matter of Treadwell,* 699 F.2d 1050 (11th Cir.1983). The *Treadwell* court determined that funds which came from accumulated social security benefits and which were transferred as gifts to the debtor's daughters less than one year before filing for bankruptcy were not exempt and could be set aside as fraudulent conveyances. *Id.* The *Treadwell* court noted that accumulated or past due social security payments which are covered by § 407 are among the exemptions provided by nonbankruptcy federal law. *Id.* at 1052. Yet, the debtor claimed exemptions under § 522(d). Id. The *Treadwell* court stated that if a debtor chooses the § 522(d) exemptions, the debtor may exempt the right to receive a future social security benefit but not an accumulated benefit that has already been distributed. *Id.* (referring to § 522(d)(10)(A)).

The *Treadwell* court emphasized that the purpose of § 407 is to ensure that the needy have the necessary resources for continuing basic care and maintenance. *Id.* at 1053. The court found exemption of the funds improper because the debtor did not need the benefits to care for himself. *Id.* In *Citronelle–Mobile Gathering, Inc. v. Watkins,* 934 F.2d 1180 (11th Cir.1991), the court reiterated that the "[Eleventh C]ircuit has implied an exception to 42 U.S.C. § 407 when the reaching of Social Security benefits is not going to impair the ability of the recipient to satisfy his or her basic needs." 934 F.2d at 1192 (finding garnishment of social security payments permissible).

■ The Debtor may claim § 407 as a nonbankruptcy federal exemption because Florida has opted out of the § 522(d) exemptions. However, the Court must ascertain whether the implied exception to § 407 is applicable to the case at hand by determining whether the Debtor has the necessary resources for continuing basic care and mainte-

nance without the accumulated social security disability benefits.

The evidence establishes the Debtor's income is $789.00 per month and expenses of $766.67 per month. Although the Debtor's monthly income covers her monthly expenses; it does so just barely. Because the Debtor is disabled and unemployed and her income minimally covers her monthly expenses, the court is concerned that the Debtor's ability to satisfy her basic needs may be impaired should unforeseen expenses occur. The court finds that a portion of the accumulated social security disability benefits should be declared exempt to ensure that the Debtor has the necessary resources for continuing basic care and maintenance.

The Trustee's Objection to Property Claimed as Exempt is due to be sustained. The exemption is allowed in the amount of $5,000.00 with the remainder of the accumulated social security disability benefits in the Debtor's bank account, as of the date of the filing of the petition, property of the bankruptcy estate and shall be paid to the Trustee.

### ORDER

In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is

**ORDERED, ADJUDGED, and DECREED** that Trustee's Objection to Property Claimed as Exempt, (Doc. 15), is **SUSTAINED;** it is further

**ORDERED, ADJUDGED, and DECREED** that the exemption is **ALLOWED** pursuant to 42 U.S.C. § 407 in the amount of $5,000.00 with the remainder of the accumulated social security disability benefits in the Debtor's bank account, as of the date of the filing of the petition, property of the bankruptcy estate and shall be paid to the Trustee.