**In re Eunice LAZIN, Debtor.**

**Bankruptcy No. 97–05810–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 26, 1998.

Scott A. Stichter, Tampa, FL, for Debtor.

V. John Brook, Jr., St. Petersburg, FL, trustee.

Dennise J. LeVine, Tampa, FL, for trustee.

## ORDER ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Summary Judgment filed by the Chapter 7 Trustee, V. John Brooke (Trustee) regarding the Objection to Exemptions claimed by Eunice Lazin (Debtor). First Republic Bank filed its Joinder In Objection to Exemptions Filed by Trustee on July 7, 1997. (Doc. 15B). Although the Objection challenged the Exemption of the Debtor's real property located in Sarasota, two NationsBank accounts and two annuity contracts and/or policies, the Motion for Summary Judgment is limited to the Objection as it relates to the funds maintained by the Debtor in bank accounts with NationsBank (Doc. 42A), specifically, Account Nos. 3431334776 (Social Security Account) and 3731821225 (Annuities Account) (collectively the "Bank Accounts"). The Trustee contends that no genuine issues of material fact remain and that, therefore, the Trustee is entitled to summary judgment in his favor as a matter of law. The relevant facts, as they appear from the record, are indeed without dispute and can be summarized as follows:

On April 11, 1997, the Debtor filed her Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. In Schedule C, the Debtor claimed the Bank Accounts as exempt, based on Art. 10 § 4(a)(2) and Fla. Stat. § 222.061. Even a cursory reading of the basis for the claimed exemption leaves no doubt that neither the Section of the Florida Constitution nor the Statute cited have any relevance to the claimed exemptions. Thus, ordinarily, the Objection would be sustained outright because the claim of exemption is facially defective. However, in the present instance, both counsel for the Debtor and counsel for the Trustee focused on the correct basis for the claim of exemption and, it is, therefore, appropriate to consider the respective positions of the parties. The issues to be considered are: (1) Whether accumu-

lated benefits from Social Security, which were deposited in a bank account, are exempt from creditors' claims and in turn, not subject to administration by the Trustee? and; (2) Whether accumulated benefits from an annuity, which were deposited in a bank account, are exempt from creditors' claims and in turn, not subject to administration by the Trustee?

■ The Trustee concedes that the funds in the Bank Accounts are in fact Social Security benefits and annuity payments received by the Debtor pre-petition. However, the Trustee contends that these are accumulated funds and contends that once received and deposited in a bank account, the funds lose their exempt status. In support of the proposition urged, the Trustee relies on the cases *Matter of Treadwell,* 699 F.2d 1050 (11th Cir.1983) and *In re Crandall,* 200 B.R. 243 (Bankr.M.D.Fla.1995).

*Treadwell* involved an action by the trustee to set aside as fraudulent, a transfer of Social Security funds which had been deposited in the debtor's bank account and which the debtor gave to his daughters. The bank account into which the funds were deposited was maintained exclusively for the deposit of the Social Security benefits received by the debtor. The debtor transferred $1,000.00 out of this account to his daughter, Regina, and $3,000.00 to his daughter, Kathy. At the time of these gifts, the debtor was insolvent. On appeal, the Court of Appeals, after discussing 11 U.S.C. § 548, which authorizes the trustee to set aside transfers within one year determined to be fraudulent, held that the sole issue was whether or not the accumulated Social Security benefits were still immunized from creditor claims and, therefore, cannot be set aside as a fraudulent transfer under § 548 of the Code. The Court resolved the issue by considering the exemption choices available to the debtor under 11 U.S.C. § 522(d)(10) or under non-bankruptcy federal law pursuant to Section 207 of the Social Security Act, 42 U.S.C. § 407, which provides in relevant part,

> (a) The right of any person to any future payment [of social security benefits] ... shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).

In *Treadwell,* the 11th Circuit held that the debtor could have exempted these funds, but only by forsaking the exemptions of 11 U.S.C. § 522(d), thereby electing the non-bankruptcy exemption under the Social Security Act. The Court concluded that nothing in the language of 42 U.S.C. § 407 permitted a Social Security recipient to claim the bankruptcy exemption in addition to the Social Security Act exemption. The debtor in *Treadwell* claimed exemptions pursuant to 11 U.S.C. § 522(d), not pursuant to 42 U.S.C. § 407, and thus, he forfeited the right to immunize the funds in question and to further defeat the trustee's claim of fraudulent transfer.

While it is true that an exemption claimed under § 522(d)(10) does not exempt accumulated Social Security benefits, Debtor's counsel represented that the exemption claimed was based on non-bankruptcy federal law. Assuming such, *Treadwell* furnishes scant, if any, support for the proposition urged by the Trustee. There is nothing in *Treadwell* to mean that once the funds have been received by the Social Security recipient and deposited into the bank that the funds lose their immunity from creditor claims. On the contrary, it expressly recognized that one could claim an exemption under 42 U.S.C. § 407 as long as one did not also claim the exemption under § 522(d). The Debtor must choose between the two, rather than enjoy the benefits of both. *Treadwell* at 1052, citing, H.Rep. No. 595, 95th Cong., 1st Sess. 126, 360, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6087, 6316. As indicated in the House Report, accumulated or past due Social Security payments covered by 42 U.S.C. § 407 are among the exemptions under non-bankruptcy law which the Debtor can elect instead of the 11 U.S.C. § 522(d) exemptions. *Id.* (Citation omitted).

The exemption pursuant to Section 207 of the Social Security Act, 42 U.S.C. § 407, was considered by the Supreme Court in *Philpott*

*v. Essex County Welfare Bd.,* 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973). In *Philpott,* a recipient of Social Security benefits deposited these benefits in a bank account. Justice Douglas held that the benefits retained the qualities of "moneys" within the definition of 42 U.S.C. § 407, which exempts all "moneys" paid under the Act from creditor claims. *Id.* at 416, 93 S.Ct. at 592. (citing *Porter v. Aetna Cas. & Sur. Co.,* 370 U.S. 159, 82 S.Ct. 1231, 8 L.Ed.2d 407 (1962)) (Veterans' Administration benefits deposited into savings and loan account, retained the "quality of moneys," had not become a permanent investment, and were immune pursuant to 38 U.S.C. § 3101(a)).

In *S & S Diversified Services, L.L.C. v. Taylor,* 897 F.Supp. 549 (D.Wyo.1995), the District Court held that the debtor's Social Security benefits were absolutely exempt from garnishment even if the benefits were deposited into a joint account the debtor maintained with her daughter and the benefits were commingled with funds received by the daughter's annuity. The specific language of the Act exempts Social Security benefits already "paid." *Id.* at 552. This is different from the situation where an exemption is claimed under state law where property commonly ceases to be exempt once it is paid to and received by a judgment debtor. *Id.* See also *In re Moore,* 214 B.R. 628 (Bankr.D.Kan.1997) (Social Security benefits retain their exempt status if placed into a savings account or checking account, even if commingled with money from other sources).

■ In interpreting the purposes of 42 U.S.C. § 407, the Eleventh Circuit found that "section 407 attempts to insure that recipients have the resources necessary to meet their most basic needs. [citations omitted] ... However, when the debtor's ability to care for himself or herself is not implicated, Section 407 need not be applied...." *Citronelle–Mobile Gathering, Inc. v. Watkins,* 934 F.2d 1180, 1192 (11th Cir.1991), citing *United States v. Devall,* 704 F.2d 1513, 1516–1517 (11th Cir.1983). Thus, the Eleventh Circuit has implied an exception to the exemption afforded by 42 U.S.C. § 407 when the reaching of Social Security benefits is not going to impair the ability of the recipient to satisfy

his or her basic needs. *Id.* (Finding garnishment of social security payments permissible).

■ In light of *Citronelle–Mobile,* this Court must ascertain whether the Debtor has the necessary resources for continuing basic care and maintenance without the accumulated Social Security benefits. See also, *In re Crandall* at 244–245 (finding a portion of the debtor's accumulated social security disability benefits exempt). Therefore, the Motion for Partial Summary Judgment, as it relates to the Social Security Account, must be denied.

■ This leaves for consideration the funds in the Annuity Account, claimed as exempt under Fla.Stat. § 222.14, which provides:

> The cash surrender values of life insurance policies issued upon the lives of citizens or residents of the state and the proceeds of annuity contracts issued to citizens or residents of the state, upon whatever form, shall not in any case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or of any creditor of the person who is the beneficiary of such annuity contract, unless the insurance policy or annuity contract was effected for the benefit of such creditor.

FLA.STAT. § 222.14. "Section 222.14 clearly exempts all annuity contracts from creditor claims." *In re McCollam,* 612 So.2d 572, 574 (Fla.1993). It also exempts "the proceeds of annuity contracts." When the language of a statute is clear and unambiguous, courts generally do not go behind the plain and ordinary meaning unless an unreasonable or ridiculous conclusion would result from a failure to do so. *Id.* at 573. Such is not the case here.

The Trustee relies on Fla.Stat. § 222.11 to support the argument that these accumulated funds are not exempt. Fla.Stat. § 222.11 exempts wages received by the head of the family from attachment or garnishment. This exemption applies to any wages deposited in any bank account by the debtor for six months when funds can be traced and properly identified. It is the Trustee's contention

that since there is not a similar provision in Fla.Stat. § 222.14, the Legislature did not intend these funds to be immune from creditor claims. Moreover, the Trustee urges that policy considerations favoring the exemption of wages, *disability compensation* and unemployment compensation, are not present with respect to funds received from annuities and deposited in the bank.

No support exists for the Trustee's arguments. See *In re Benedict,* 88 B.R. 390 (Bankr.M.D.Fla.1988). The exemption granted to annuity contracts under state law is based on the public policy consideration that an individual needs to have the necessary resources to pay for his basic care and maintenance when he retires. *Id.* See also, *In re Wilbur,* 206 B.R. 1002 (Bankr.M.D.Fla. 1997); *In re Allen,* 203 B.R. 786 (Bankr. M.D.Fla.1996). Courts have generally held that exempt funds retain their exempt status. *Benedict* at 393. Taking into consideration that the well established exemption provisions of the law are remedial, and have traditionally been construed liberally in favor of the Debtor, *Killian v. Lawson,* 387 So.2d 960 (Fla.1980), this Court is satisfied that the funds in the Annuity Account are exempt and did not lose their exempt status when deposited into the Annuity Account. In light of the foregoing, the Partial Motion for Summary Judgment, as it relates to the Annuity Account, must be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion For Partial Summary Judgment be, and the same is hereby, denied.

It is further

ORDERED, ADJUDGED AND DE-CREED that partial summary judgment is hereby entered in favor of the Debtor and against the Trustee with regard to the Trustee's Objection to the exempt status of the funds in the Annuity Account. The Objection to the exempt status of the funds in the Annuity Account is hereby overruled and the claimed exemption of the funds in the Annuity Account is hereby allowed.

It is further

ORDERED, ADJUDGED AND DE-CREED that the issue of the Trustee's Objection to the Debtor's claim of exemption of the funds in the Social Security Account will proceed to final evidentiary hearing.