**In re Ralph E. SLUIS, and Elizabeth P. Sluis, Debtors.**

**Bankruptcy No. 98–8439–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Dec. 3, 1998.

Herbert A. Fried, Fort Myers, Florida, for debtors.

Diane L. Jensen, Fort Myers, Florida, trustee.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a contested matter presented for this Court's consideration by Trustee's Objection to Claim of Exemption and Trustee's Objection to Amended Claim of Exemption. The property Ralph E. Sluis and Elizabeth P. Sluis, the Debtors, (Debtors) claimed as exempt, and to which the Trustee objects, are Social Security benefits in a bank account maintained by the Debtors. The immediate matter is a Motion for Summary Judgment, filed by the Chapter 7 Trustee, Diane L. Jensen (Trustee). The Trustee contends that there are no genuine issues of material fact and that she is entitled to judgment, in her favor, as a matter of law. The Debtors concede that there are no disputed facts. However, the Debtors contend that based on the applicable law, the Trustee's Objection to Claim of Exemption and Trustee's Objection to Amended Claim of Exemption should be overruled and the claimed exemption should be allowed.

The facts relevant to the resolution of this controversy as they appear in the record are as follows.

On May 18, 1998, the Debtors filed their voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. In Schedule C, the Debtors claimed the funds in a bank account as exempt, among other items, contending that these funds are accumulated head of household wages and thus, exempt pursuant to Florida Statutes § 222.11.

On June 19, 1998, Trustee's Objection to Claim of Exemption was filed. The basis of the Trustee's Objection, as it relates to the bank account, is that this account includes more than head of household wages. On July 16, 1998, the Debtors filed their Response to Order Directing Response to Objection to Exemptions. In their Response, the Debtors contend that the bank account only contains head of household wages and Social Security benefits. The Schedules were amended to reflect the Social Security benefits claimed as exempt pursuant to § 522(d)(10)(a) and Trustee's Objection to Amended Claim of Exemption was filed. On September 8, 1998, this Court entered its Order on Trustee's Objection to Claim of Exemption and Resetting Pretrial. The Order overruled the Trustee's Objection as it related to the head of the household wages and reset for pretrial the Trustee's Objection as it related to the Social Security benefits. On October 13, 1998, the Trustee filed her Motion for Summary Judgment on the same.

Section 522(d)(10)(A) provides that:

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

11 U.S.C. § 522(d)(10)(A).

An exemption claimed under § 522(d)(10)(A) does not exempt accumulated Social Security benefits. *See In re Lazin,* 217 B.R. 332, 334 (Bankr.M.D.Fla.1998). The parties have stipulated to the fact that on the date of the commencement of this Chapter 7 case, the relevant bank account contained $2216.00 in accumulated Social Security benefits. In light of such, the Trustee's Objection to Claim of Exemption and Trustee's Objection to Amended Claim of Exemption, as they relate to the accumulated Social Security benefits in the relevant bank account, should be sustained and the Motion for Summary Judgment, filed by the Trustee, should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment, filed by the Chapter 7 Trustee, Diane L. Jensen, be and the same is, hereby granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Claim of Exemption and Trustee's Objection to Amended Claim of Exemption, as they relate to the accumulated Social Security benefits in the relevant bank account, be, and the same are hereby, sustained. Ralph E. Sluis and Elizabeth P. Sluis, the Debtors, are not entitled to the claimed exemption of their accumulated Social Security benefits, pursuant to § 522(d)(10)(A) of the Bankruptcy Code.

DONE AND ORDERED.