**In re Eugene Ray RADFORD, Debtor.**

**No. 00–41647.**

United States Bankruptcy Court,
W.D. Missouri.

Sept. 8, 2000.

Erlene Krigel, Krigel & Krigel, P.C., Kansas City, MO, for the Trustee.

Thomas K. Hendrix, Jr., Warrensburg, MO, for Debtor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

The Chapter 7 trustee objected to debtor Eugene Ray Radford's claim of exemption as to a pre-petition lump sum payment of a Social security disability benefit in the amount of $11,377.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

Mr Radford received a lump sum payment as a disability benefit from the Social Security Administration, which he deposited in his bank account. He filed a Chapter 7 bankruptcy petition and claimed the payment as exempt, even though he testified that he does not now need the money for his care and support. The United States Code provides that social security benefits, either paid or payable, are ex-

empt from the claims of creditors. Can Mr. Radford exempt the total payment?

## DECISION

The United States Code provides that social security benefits already paid to a claimant are not subject to execution, levy, attachment, garnishment, or any other legal process. Mr. Radford can, therefore, exempt the entire payment.

## FACTUAL BACKGROUND

Mr. Radford was entitled to receive monthly disability benefits in the amount of $1,701.38 from ReliaStar Employee Benefits (ReliaStar) until such time as the Social Security Administration (the SSA) approved his claim for disability benefits. ReliStar was then entitled to reduce its monthly payment to Mr. Radford by the amount of the social security payment. The SSA approved Mr. Radford for benefits in approximately January of 1999. In addition, the SSA issued a lump sum payment in the amount of $11,377.50 to compensate him for previous months. ReliaStar, however, continued to make unreduced payments to Mr. Radford until March 18, 2000. At that time, ReliaStar had overpaid Mr. Radford in the amount of $21,411.41. ReliaStar made demand on Mr. Radford for repayment of what is undisputedly an unsecured claim. On May 1, 2000, Mr. Radford filed this Chapter 7 bankruptcy petition. He did not, initially, claim the social security payment as exempt, but he amended schedules on June 1, 2000, and now claims an exemption under section 407 of the Social Security Act (Section 407).

The Chapter 7 trustee objected to the claim of exemption arguing that a social security payment loses its exempt charac-

teristic once it is paid to a claimant. Alternatively, the trustee argues that in order to exempt the entire payment, Mr. Radford must demonstrate that the payment is necessary for his care and support.

## DISCUSSION

■ The Social Security Act protects social security benefits from the claims of creditors:

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.[1]

Several bankruptcy cases have applied Section 407 with conflicting results. I begin, however, with the trustee's argument that in Missouri social security payments lose their exempt status after they are paid to the claimant. The trustee relies on *SSM Health Care System v. Bartel* for this position.[2] In *Bartel,* a judgment creditor filed a lawsuit to set aside an alleged fraudulent conveyance of a lump settlement of a worker's compensation claim from the debtor to an irrevocable trust.[3] The trial court dismissed the lawsuit holding that worker's compensation payments are exempt from the claims of creditors. The Court of Appeals reversed, holding

---

**1.** 42 U.S.C.A. § 407(a) and (b) (1991).

**2.** 914 S.W.2d 8 (Mo.Ct.App.1996).

**3.** *Id.* at 9.

that the exemption protection in the Missouri Worker's Compensation Act extends only to future payments. The Court reasoned that the language of the statute defines the exempt benefits, and by using the phrase "compensation payable under this chapter" the Missouri Legislature limited the exemption only to benefits not yet paid.[4] The Court stated, "the defining term of the exemption was the word "payable." " To further explain its position, the Court of Appeals contrasted the language in the Missouri Worker's Compensation Act, which references "compensation payable under this chapter," with the language found in Section 407 of "Federal Social Security Law," which exempts "social securities benefits 'paid or payable.' "[5] With this contrast in mind, the Court of Appeals found that in order to exempt payments already in the hands of a recipient, the statute that creates the exemption must contain express language to indicate it applies to funds once such funds are paid to the claimant.[6] Section 407 contains just such express language. I, therefore, find that the lump sum payment did not lose its exempt status once it was paid to Mr. Radford and deposited in his bank account.

■ As for her second argument, the trustee relies on *Walker v. Treadwell (In re Treadwell)*,[7] a Second Circuit case that has been cited for the proposition that Section 407 impliedly contains a requirement that social security benefits already paid must be necessary for continuing basic care and maintenance in order to be exempt.[8] In *Treadwell*, the debtor transferred to his daughters within one year of his bankruptcy filing accumulated social security benefits that totaled $4000.00. The trustee brought suit to avoid the transfer as a fraudulent conveyance. The bankruptcy court held for the daughters finding that Section 407 exempted from the claims of creditors social security benefits paid to a claimant.[9] The Eleventh Circuit reversed on the grounds that the debtor did not claim an exemption for the transferred funds under the Social Security Act. Instead, the debtor elected to use the exemptions the Bankruptcy Code (the Code) made available to him.[10] Provided a state so chooses, the Code permits a debtor to exempt his or her "right to receive a social security benefit."[11] The Eleventh Circuit construed that Code section to mean only future benefits, not accumulated benefits that had been distributed.[12] The Court then stated, "[i]f a debtor chooses the Bankruptcy Code exemptions, he gives up the protection of section 407, freeing accumulated social security benefits for the satisfaction of creditors."[13] According to the Eleventh Circuit, a debtor can obtain the exemptions obtained in Section 407 as long as he does not claim that same exemption under the Code or state law.[14] I note that Mr. Radford claimed the lump

4. *Id.* at 10.

5. *Id.* at 11.

6. *Id.*

7. 699 F.2d 1050 (11th Cir.1983).

8. *See Citronelle–Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180 (11th Cir.1991); *In re Lazin*, 217 B.R. 332 (Bankr.M.D.Fla.1998); *In re Crandall*, 200 B.R. 243 (1995).

9. *Treadwell*, 699 F.2d at 1050–51.

10. *Id.* at 1052

11. *See* 11 U.S.C. § 522(d)(10)(A). At the time this case was decided, Georgia allowed a debtor to elect either the exemptions in the Code, or exemptions provide by state saw or other Federal law.

12. *Treadwell*, 699 F.2d at 1052.

13. *Id.*

14. *Id.*

sum payment as exempt pursuant to Section 407. But, though not necessary to its holding, the Eleventh Circuit implied that the exemption in Section 407 should not be applied to accumulated benefits if a debtor fails to demonstrate that such funds are necessary to allow the debtor to care for himself.[15]

The trustee also relies on *In re Crandall*.[16] In *Crandall*, the trustee objected to debtor's exemption of accumulated social security disability benefits. Basing its holding on *Treadwell*, the bankruptcy court found that debtor could exempt a portion of her accumulated social security benefits to insure that she had the necessary resources for her continuing basic care and maintenance.[17] The court sustained the trustee's objection as to the remainder.

I must, therefore, determine if the Eleventh Circuit intended to gloss a necessity requirement onto Section 407 as to benefits already paid, and if I am bound by that finding. I note that *Treadwell* was decided on March 7, 1983.[18] On that date Section 407 read as follows:

(a) The right of any person to any future payment [of social security benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.[19]

Effective April 20, 1983, Congress amended Section 407 with the addition of paragraph (b). That amendment provides:

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.[20]

In *Combustion Federal Credit Union v. Barron (In re Barron)*, the court found that this amendment to Section 407 serves to insulate social security benefits from the operation of bankruptcy laws, and renders *Treadwell* inapplicable.[21] I agree. I find that by the use of the words "paid or payable" in Section 407 Congress intended to protect both future social security payments and identifiable accumulated social security payments from the claims of creditors. Alternatively, I find that had the Eleventh Circuit's holding in *Treadwell* was not based on the exemption in Section 407, thus, it is not applicable to the case at hand. There is no necessity requirement as to social security benefits already paid as long as a debtor explicitly claimed those payments as exempt pursuant to Section 407.

I also find that I am not bound by the Eleventh Circuit's holding in *Treadwell*, because Mr. Radford did not elect to claim, nor could he have elected to claim, the federal exemptions found in the Code, as did Mr. Treadwell. The Code provides one exemption scheme in section 522(d),[22] however, it also allows a state to opt out of this scheme and establish its own.[23] Mis-

---

**15.** *In re Lazin,* 217 B.R. 332, 335 (Bankr. M.D.Fla.1998).

**16.** 200 B.R. 243 (Bankr.M.D.Fla.1995).

**17.** *Id.* at 245.

**18.** 699 F.2d 1050 (11th Cir.1983).

**19.** *Treadwell,* 699 F.2d at 1051.

**20.** 42 U.S.C.A. § 407(a) and (b) (1991).

**21.** 85 B.R. 603, 606 (Bankr.N.D.Ala.1988).

**22.** *Id.,* at § 522(d).

**23.** 11 U.S.C. § 522(b)(2)(A).

souri chose to opt out and allows debtors domiciled in Missouri to exempt from property of the estate any property that is exempt from attachment and execution under Missouri state law or any property that is exempt under any Federal law except the Bankruptcy Code.[24] The actual holding in *Treadwell* is that once a debtor opts for the exemptions found in the Bankruptcy Code, the debtor is bound by the limitations on those exemptions imposed by the Code. The *Treadwell* Court then found that the Code, not Section 407, limits the exemption to future social security benefits. Mr. Radford's claim of exemption as to the lump sum payment is pursuant to Section 407. Under Missouri law, he is entitled to the benefit of that exemption. Section 407 specifically applies to payments both paid and payable. Section 407 also prohibits any law from limiting the protections in Section 407, without express reference to Section 407.[25] Based upon that specific language, I find that this Court cannot restrict the protections for social security benefits which are provided for in the explicit language of Section 407. I will, therefore, overrule the trustee's objection to Mr. Radford's claim of exemption as to a lump sum social security disability benefit in the amount of $11,377.50.

An Order in accordance with this Memorandum Opinion will be entered this date.

---

**24.** Mo. Stat. Ann. § 513.427 (Supp.2000).

**25.** 42 U.S.C.A. § 407(b).