### In re Todd CARPENTER, Debtor.

No. 08–31527.

United States Bankruptcy Court, D. Minnesota.

Oct. 14, 2008.

Barbara J. May, Barbara J. May, Attorney at Law, Roseville, MN, for Debtor.

## ORDER SUSTAINING OBJECTION TO CLAIMED EXEMPTION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter is before the Court on the Chapter 7 Trustee's objection to an exemption claimed by the debtor in Social Security proceeds under 11 U.S.C. § 522(d)(10)(A). Barbara J. May appeared on behalf of the debtor, and Charles W. Ries appeared as the trustee. The Court allowed time for supplemental briefs of the issue, and thereafter took the matter under advisement. The Court being now fully advised makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. FACTS

The facts in this controversy are simple and uncontested. The debtor, Todd Carpenter, is disabled and receives social security disability benefits. He initially re-

ceived a $17,000 lump sum payment for retroactive benefits in September 2007 when his disability status was ultimately determined. The funds were deposited into the bank, and maintained segregated. Shortly before filing bankruptcy, Carpenter converted the proceeds into a cashier's check. On April 3, 2008, he filed a petition for bankruptcy relief under Chapter 7. Carpenter elected pursuant to 11 U.S.C. § 522(b)(2) to claim the federal exemptions under 11 U.S.C. § 522(d), and claimed the Social Security proceeds at issue exempt under § 522(d)(10)(A).

Carpenter claims that his accumulated social security proceeds already received prior to the time of filing are excluded from property of the bankruptcy estate by operation of § 541(c)(2) as constituting a beneficial interest of the debtor in a trust, the Federal Disability Insurance Trust Fund, 42 U.S.C. § 401(b), and otherwise protected by 42 U.S.C. § 407 as applicable controlling non-bankruptcy law.

The trustee argues that the benefits at issue are proceeds, not a protected future interest in or right to payments from an applicable trust under § 541(c)(2), and that in any event by electing to claim exemptions under 11 U.S.C. § 522(d) and in particular, § 522(d)(10)(a), the provisions of 42 U.S.C. § 407 do not apply. The Court agrees with the trustee.

## II. DISCUSSION

"As a general matter, upon the filing of a petition for bankruptcy, 'all legal or equitable interests of the debtor in property' become the property of the bankruptcy estate and will be distributed to the debtor's creditors." *See Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S.Ct. 1561, 161

L.Ed.2d 563 (2005), citing 11 U.S.C. § 541(a)(1). "To help the debtor obtain a fresh start, the Bankruptcy Code permits him to withdraw from the estate certain interests in property, such as his car or home, up to certain values." *Id.*, citing 11 U.S.C. § 522(d); *United States v. Security Industrial Bank*, 459 U.S. 70, 72, n. 1, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982).

Section 541 provides, in pertinent part:

**11 U.S.C. § 541(c)(2) Exclusion.**

■ 11 U.S.C. § 541 provides, in relevant part:

§ 541. Property of the estate

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

*See* 11 U.S.C. § 541.

Carpenter's argument that the Social Security proceeds in hand represent an interest in a trust subject to enforceable restriction under applicable nonbankruptcy law is unsound. Under these circumstances, there is no trustee, beneficiary or trust res because the benefit was long since disbursed and the interest is no longer beneficial but a fully realized present interest in cash.[1] *See Drewes v. Schont-*

---

1. This is not inconsistent with *Patterson v. Shumate*, 504 U.S. 753, 759, 112 S.Ct. 2242, 2247, 119 L.Ed.2d 519 (1992). A federal non-bankruptcy law may be applicable under § 541(c)(2); rather, the point is the distinction between a beneficial interest in future

*eich,* 31 F.3d 674, 677 (8th Cir.1994) (citing *In re Bush's Trust,* 249 Minn. 36, 81 N.W.2d 615, 620 (1957)); *In re Swanson,* 873 F.2d 1121, 1123 (8th Cir.1989).

As the trustee concedes, Carpenter has a protected beneficial interest in a trust under applicable nonbankruptcy law insofar as he is entitled to future Social Security disability benefits. With respect to the proceeds he has possessed since September 2007, however, there is no trust holding the funds, and no restriction on the transfer of those social security proceeds already received. Once in receipt of the lump sum, Carpenter was free to use the proceeds as he wished and, in fact, has withdrawn the funds from a bank account in the form of a cashier's check.

**Application of Section 407(b) of the Social Security Act.**

■■■ Section 407 of the social Security Act provides, in relevant part:

Title 42. The Public Health and Welfare

Chapter 7. Social Security

Subchapter II. Federal Old–Age, Survivors, and Disability Insurance Benefits § 407. Assignment; amendment of section

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, *and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the opera-*

*tion of any bankruptcy or insolvency law.*

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.

*See* 42 U.S.C. § 407 (emphasis added).

"Under 42 U.S.C.A. § 407, the rights of persons to future payments of Social Security benefits are not transferable or assignable at law or equity, and are not subject to execution, levy, attachment, garnishment or other legal process, or to the operation of bankruptcy or insolvency laws." *See* FEDPROC § 31:25. "The prohibition against transfer or assignment relates to the right to future payment only, so that checks issued to a payee may be transferred freely, and on death pass by operation of law to the executor or administrator." FEDPROC § 31:25, citing *Beers v. Federal Sec. Adm'r,* 172 F.2d 34 (2d Cir.1949) citing Social Security Act, § 207, 42 U.S.C. § 407 (The statutory prohibition against assignments of future benefits under the Social Security Act does not relate to checks issued for past installments, but was intended to preclude a beneficiary from transferring his right before, but not after, the administrator has recognized it, so that checks issued to a beneficiary pursuant to a certification are transferable by him, and on his death pass by operation of law to his executor or his administrator.)

payments and proceeds already distributed under an operative trust and presently within the exclusive control of the debtor. *See, e.g., Trucking Employees of North Jersey Welfare Fund, Inc. v. Colville,* 16 F.3d 52, 55 (3d Cir.1994); *Guidry v. Sheet Metal Workers Int'l Ass'n, Local No. 9,* 10 F.3d 700, 710 (10th Cir.1993); *In re Wilcox,* 233 F.3d 899, 904 (6th Cir.2000); *In re Wendt,* 320 B.R. 904 (Bankr.D.Minn.2005); *NCNB Financial Services, Inc. v. Shumate,* 829 F.Supp. 178, 180 (W.D.Va.1993); *In re Toone,* 140 B.R. 605, 607 (Bankr.D.Mass.1992).

The benefits at issue here are past payments, in the form of a present unhindered interest in cash proceeds held by Carpenter prior to filing. While the plain meaning of § 407(a) arguably might otherwise insulate moneys already paid as Social Security disability benefits from bankruptcy law generally, Carpenter's choice of the federal exemptions under 11 U.S.C. §§ 522(b)(2) and (d) ruled out application of 42 U.S.C. § 407.

Section 522 provides, in relevant part:
Exemptions

(b) (1) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.

    (2) Property listed in this paragraph is property that is specified under subsection (d), unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize.

    (3) Property listed in this paragraph is—

    (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ...

(d) The following property may be exempted under subsection (b)(2) of this section:

    (10) The debtor's right to receive—

    (A) a social security benefit, unemployment compensation, or a local public assistance benefit;

*See* 11 U.S.C. § 522.

Exemptions claimed under § 522(b)(3) arise under the controlling laws of the applicable state of the debtor's domicile and property claimed exempt under federal law, other than as provided by 11 U.S.C. § 522(d). In order, therefore, to rely upon 42 U.S.C. § 407 (Social Security payments under section 407 of Title 42, The Public Health and Welfare), a debtor must claim exemptions under § 522(b)(3), not the federal exemptions under § 522(b)(2) and § 522(d). Carpenter claimed his exemptions under § 522(b)(2), and the disability proceeds specifically under § 522(d)(10)(A).

"Any doubt that social security benefits are included in the estate ... is eliminated by the provision of the Bankruptcy Reform Act that expressly allows the debtor to exempt social security benefits from the estate, 11 U.S.C. § 522(d)(10)(A)." *See U.S. v. Devall,* 704 F.2d 1513, 1516 (11th Cir.1983). "The legislative history of the federal bankruptcy provisions indicates that all of the benefits exempted under 11 U.S.C. § 522(d)(10) are grouped together as they are 'akin to future earnings of the debtor.' " *Espey,* 347 B.R. at 360, citing *Wilson v. Sergeant (In re Wilson),* 305 B.R. 4, 15 (N.D.Iowa 2004), citing Bankruptcy Reform Act of 1978, H.R. REP. NO. 95–595 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6318. Accordingly, benefits claimed under § 522(d)(1 0)(A) are both restricted by a going-forward limitation and preclude application of other federal nonbankruptcy law such as § 407.

The Court of Appeals for the Eleventh Circuit explained:

    [Under] 11 U.S.C.A. § 522(b), a debtor filing for bankruptcy may exempt certain assets from the property of the estate available for creditors. He may either take the exemptions specified in the Code itself, 11 U.S.C.A. § 522(d), unless state law prohibits this option, "or, in the alternative," he may take the exemptions provided by other federal statutes and state law. That the debtor must choose between the two exemption

systems, rather than enjoy the benefits of both, is perfectly clear. H. Rep. No. 595, 95th Cong., 1st Sess. 126, 360, reprinted in 1978 U.S.Code Cong. & Ad. News 5963, 6087, 6316. *See Cheeseman v. Nachman*, 656 F.2d 60, 62 (4th Cir. 1981).

Accumulated or past due social security payments which are covered by 42 U.S.C.A. § 407 are among the exemptions provided by non-bankruptcy federal law that the debtor can elect instead of the exemptions listed in the Bankruptcy Code. H.Rep. No. 595, 95th Cong., 1 st Sess. 360, reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6316. The House Report states:

The debtor may choose the Federal exemptions prescribed in subsection (d), or he may choose the exemptions to which he is entitled under other Federal law and the law of the State of his domicile. If the debtor chooses the latter, some of the items that may be exempted under other Federal laws include: * * *—Social security payments, 42 U.S.C. 407.

If a debtor chooses the alternative of taking exemptions listed in the Bankruptcy Code, he may exempt, among other things, his "right to receive a [future] social security benefit," but not an accumulated benefit that has already been distributed. 11 U.S.C.A. § 522(d)(10)(A). *See* H.Rep. No. 595, 95th Cong., 1st Sess. 362, reprinted in U.S.Code Cong. & Ad.News 5963, 6318 (Section 522(d)(10)(A) "exempts certain benefits that are akin to future earnings of the debtor. These include social security. . . .").

This analysis of section 522 illustrates that the exemption from the operation of the bankruptcy law provided by 42 U.S.C.A. § 407 is not absolute. If a debtor chooses the Bankruptcy Code ex-emptions, he gives up the protection of section 407, freeing accumulated social security benefits for the satisfaction of creditors.

*See Matter of Treadwell,* 699 F.2d 1050, 1052 (11th Cir.1983).

■ "It is clear from the other plans included in § 522(d)(10)(A) that the intent was to preserve the subsistence level benefit plans for debtors who are in need." *See In re Werner,* 31 B.R. 418, 423 (Bankr. D.Minn.1983). "The common feature of all of these plans is that they provide income that substitutes for wages earned as salary or hourly compensation." *Rousey v. Jacoway,* 544 U.S. at 331, 125 S.Ct. 1561. "This understanding of the plans' similarities comports with the other types of payments that a debtor may exempt under § 522(d)(10)—all of which concern income that substitutes for wages." *Id.*

On the other hand, not all courts agree that the *Treadwell* interpretation remains good law:

If *Treadwell* were still applied . . . this congressional insulation of social security benefits from the operation of the bankruptcy laws becomes only an exemption of property to be affirmatively claimed by a debtor. Thus, the statutory language—enhancing the social security benefits—is made inapplicable in the bankruptcy case when the debtor does not claim its protections or when the debtor cannot claim its benefit by virtue of having elected the alternative exemptions provided by section 522(b)(1).

This interpretation of the intent of Congress is untenable because the language of the statute expresses an intent that social security benefits are to be encapsulated with a total shield from the bankruptcy laws. Admittedly this view would appear to make the enumeration of "a right to receive a social security

benefit," as an exemption in section 522(d)(10)(A) superfluous; however, the addition of subsection (b) to the anti-assignment statute (42 U.S.C. § 407) by the 1983 amendment, is the later expression of the will of Congress.

*See In re Barron,* 85 B.R. 603, 606 (Bankr. N.D.Ala.1988).

A more recent case involving similar facts to those at issue here is *In re Radford,* 265 B.R. 827, 829–830 (Bankr. W.D.Mo.2000). In *Radford,* the Social Security Administration issued a lump sum disability benefits payment to the debtor to compensate him for months previous to the final disability determination. The debtor claimed the proceeds exempt under § 407 (and pursuant to his opt-out domicile state exemption laws generally) and the trustee objected. Like the decision in *Barron,* the court in *Radford* highlighted the amendment made to § 407 after *Treadwell:*

> Effective April 20, 1983, Congress amended Section 407 with the addition of paragraph (b). That amendment provides: (b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section. 42 U.S.C.A. § 407(a) and (b) (1991).
>
> In *Combustion Federal Credit Union v. Barron (In re Barron),* the court found that this amendment to Section 407 serves to insulate social security benefits from the operation of bankruptcy laws, and renders *Treadwell* inapplicable. I agree. I find that by the use of the words "paid or payable" in Section 407 Congress intended to protect both future social security payments and identifiable accumulated social security payments from the claims of creditors.

*See Radford,* 265 B.R. at 830. But the court then went on to expressly distinguish *Treadwell* on its facts and its rationale:

> Alternatively, I find that had the Eleventh Circuit's holding in *Treadwell* was not based on the exemption in Section 407, thus, it is not applicable to the case at hand. * * * Mr. Radford did not elect to claim, nor could he have elected to claim, the federal exemptions found in the Code, as did Mr. Treadwell. The Code provides one exemption scheme in section 522(d), however, it also allows a state to opt out of this scheme ... Missouri chose to opt out and allows debtors domiciled in Missouri to exempt from property of the estate any property that is exempt from attachment and execution under Missouri state law or any property that is exempt under any Federal law except the Bankruptcy Code
>
> The actual holding in *Treadwell* is that once a debtor opts for the exemptions found in the Bankruptcy Code, the debtor is bound by the limitations on those exemptions imposed by the Code. The *Treadwell* Court then found that the Code, not Section 407, limits the exemption to future social security benefits.

*See Radford,* 265 B.R. at 830–831.

The ultimate question here is whether the amendment to § 407 adding paragraph (b) serves to completely exempt Carpenter's Social Security disability proceeds even though he voluntarily elected the federal exemptions and claimed the proceeds exempt under § 522(d)(10)(A). The Court concludes that § 407 has no application in light of the debtor's claim of exemptions under §§ 522(b)(2) and (d). To conclude otherwise would require recognition that 42 U.S.C. § 407(b) as to pre-petition payments made, is not an exemption, but, rather is a property interest exclusion

from the bankruptcy estate. Nothing in 11 U.S.C. § 541 suggests that.

As the Court in *Barron* observed, such an interpretation would render entirely meaningless the right to receive a social security benefit under the § 522(d)(10)(A) exemption. Had that been the legislative intent, one would think that the discrepancy would have been formally resolved by now. In fact, the subject has attracted relatively modest attention.

Finally, if § 522(d)(10)(A) was the cause behind the amendment to § 407, Congress could have, said so directly. In fact, the motive behind the amendment is recorded:

Having failed in 1978 to explicitly state its desire to repeal section 407 in Chapter 13 cases, Congress last year forthrightly declared its wish that the anti-assignment provision not be considered repealed. Pub.L. No. 98–21, § 335, 97 Stat. 65, enacted April 20, 1983, recodified section 407 as section 407(a) and added a new subsection 407(b).

The Conference Report notes: Based on the legislative history of the Bankruptcy Reform Act of 1978, some bankruptcy courts have considered social security and SSI benefits listed by the debtor to be income for purposes of a Chapter XI II bankruptcy and have ordered SSA in several hundred cases to send all or a part of a debtor's benefit check to the trustee in bankruptcy.

Section 407(b) thus strongly indicates that Chapter 13 was never intended to allow bankruptcy courts to compel the Administration to pay debtor's social security benefits directly to the trustee. *See Williams v. United States,* 711 F.2d 1067 (9th Cir.1983) (vacating deduction order and remanding case to bankruptcy court in light of amendment).

*See In re Buren,* 725 F.2d 1080, 1087 (6th Cir.1984). There being a plausible and rather narrow explanation behind the addition of subsection (b) to 42 U.S.C. § 407, this Court is not inclined to rule, amidst a dearth of unequivocal and compelling authority, that 11 U.S.C. § 522(d)(10)(A) is subject to 42 U.S.C. § 407. To rule otherwise would be to irresponsibly trample the long established exemptions system under the Code.

### III. DISPOSITION

IT IS HEREBY ORDERED:

1. The trustee's objection to the exemption claimed by the debtor Todd Carpenter in $17,000 proceeds, "Social Security Retroactive Benefits, held in bank account," under 11 U.S.C. § 522(d)(10)(A), is SUSTAINED; and

2. The above described exemption is DENIED, and the proceeds are property of the bankruptcy estate pursuant to 11 U.S.C. § 541.