In re Benesteen BARRON and Nancy Barron, Debtors.

COMBUSTION FEDERAL CREDIT UNION, Plaintiff,

v.

Benesteen & Nancy BARRON, Defendants.

Bankruptcy No. 86–4912.
Adv. No. 86–0593.

United States Bankruptcy Court, N.D. Alabama.

March 9, 1988.

---

**3.** 11 U.S.C. § 727(b).

**4.** A "claim" is defined in 11 United States Code § 101(4), where it is given a very broad meaning.

James Sledge, Gadsden, Ala., for plaintiff.

David King, Gadsden, Ala., for defendants.

## MEMORANDUM OPINION

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The debtors, Benesteen Barron and Nancy Barron, commenced this bankruptcy case by filing a joint voluntary petition under title 11, chapter 7, United States Code, on June 25, 1986, and the case remains pending under said chapter.

The above-styled adversary proceeding was commenced by the plaintiff, Combustion Federal Credit Union, by filing a complaint on September 19, 1986, objecting to the debtors' receiving a discharge in bankruptcy pursuant to 11 United States Code § 727. After unsuccessful attempts by the parties to resolve the matters at issue and a continuance of the original trial upon the request of the plaintiff, an evidentiary trial was held before this Court on October 8, 1987.

It was alleged by the plaintiff that the debtors had concealed property of the estate consisting of social security benefits, jewelry, hobbyshop equipment, and moneys received from the sale of real estate. The evidence presented at the trial was insufficient to establish concealment by either debtor of the jewelry, hobbyshop equipment, or moneys from the sale of real estate. The evidence did show that Mr. Barron had received a lump-sum payment of social security-disability benefits in a sum in excess of $7,000.00 before the filing of the bankruptcy petition. The schedules attached to and made a part of the voluntary petition of the debtors did not reveal the receipt of said benefits by him but were amended to show $3,000.00 cash on hand. The only acknowledgment of any such benefits or the possibility of receipt of such benefits by the debtors appeared on the Monthly Income and Expense Statement of the debtors, which read: "Soc. Sec. Benefits are to be pd. in the future but amount is undetermined as of now", and the Statement of Affairs, which stated the occupations of the debtors as "wife-housewife, husband-retired & disability". As indicated, the debtors did not initially claim the in-hand social security benefits as exempt from property of the estate pursuant to 11 U.S.C. § 522(b)(2), and did not do so in the amendment, except—possibly—as the $3,000.00 cash on hand. The evidence showed that at one time Mr. Barron claimed that the social security money was lost or stolen, that he later "found" it, but that he never turned any of the money over to the trustee.

Upon completion of the trial the Court took the matter under advisement and on December 31, 1987, entered a final judgment in favor of the debtors. A discussion of the issues involved therein and the opinion of this Court concerning said issues are in order.

The legal issue presented to the Court was whether a debtor filing a petition in bankruptcy under title 11 of the United States Code, must claim as exempt from property of the estate social security-disability benefits received by said debtor before, and held on, the date of the filing of the petition or must turn over said property to the trustee.

To determine if the social security-disability benefits received by a debtor before, and held at the time of, the filing of a bankruptcy petition must be claimed by said debtor as exempt property of the estate in the schedules accompanying a voluntary petition or must be turned over to the trustee, one must analyze § 522(b) of title 11, United States Code, which reads as follows:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

In the absence of an applicable state law which provides that the debtor is not so authorized, a debtor must make an election as to the property to be claimed as exempt from property of the estate. *In re Treadwell*, 699 F.2d 1050, 1052 (11th Cir.1983). The debtor thus may exempt property under 11 U.S.C. § 522(b)(1), said exemptions consisting of any or all of the property listed in 11 U.S.C. § 522(d), referred to as the federal exemptions, or the debtor may exempt property pursuant to 11 U.S.C. § 522(b)(2), said exemptions consisting of property classified as exempt under federal law, other than those exemptions listed in § 522(d), or state or local law. As indicated, however, state law may prohibit the debtor from electing those exemptions provided by 11 U.S.C. § 522(d).[1]

In the case at bar, the plaintiff relied upon *In re Treadwell*, 699 F.2d 1050 (11th Cir.1983), in support of the proposition that the debtors must have affirmatively claimed the social security-disability benefits as exempt from property of the estate for said exemption to be given to the debtors. The debtors countered that, pursuant to the anti-assignment statute of the Social Security Act, 42 U.S.C. § 407, the debtors were not required to claim the benefits as exempt property of the estate and were not required to turn over the property to the trustee because said benefits were immune from the operation of bankruptcy laws. The plaintiff's reliance on *Treadwell*, for the proposition that the debtors were required to claim an exemption of the social security benefits affirmatively or lose such exemption is not correct. The Court in *Treadwell*, when stating the requirement that a debtor must claim the exemption affirmatively,[2] was referring to the necessity for a debtor to elect between the exemptions from property of the estate pursuant to 11 U.S.C. § 522(b)(1), or pursuant to 11 U.S.C. § 522(b)(2).

In *Treadwell*, the debtor made the required election and chose those exemptions classed as the "federal" exemptions.[3] Thus, the debtor had elected those exemptions which exempt from property of the estate the right to receive future social security benefits,[4] which was held to preclude exemption of social security benefits accumulated before the filing of the bankruptcy petition.

According to *Treadwell*, the exemptions under 11 U.S.C. § 522(b)(1) include the anti-assignment statute[5] in the Social Security Act. In the case here, the debtors had no opportunity to make an election as provided by 11 U.S.C. § 522(b), because Alabama State law now prevents a debtor from choosing the federal exemptions.[6] Alabama has "opted out" as to the federal exemptions; therefore, an individual filing

1. 11 U.S.C. § 522(b)(1).
2. 699 F.2d at 1052.
3. 11 U.S.C. § 522(d).
4. 11 U.S.C. § 522(d)(10).
5. 42 U.S.C. § 407.
6. Ala.Code § 6–10–11 (1975—1986 Cum.Supp.).

a bankruptcy petition in the State of Alabama is afforded only those exemptions set forth under local laws, or the laws of the State of Alabama, or federal laws other than those exemptions under 11 U.S.C. § 522(d).[7] *Treadwell*, consequently, cannot appropriately be applied to the case at bar. The plaintiff's reliance on *Treadwell* also fails to note that, in the case here, the Alabama Legislature has "elected" for the Barrons the subsection (b)(2) set of exemptions, which the Circuit Court held includes accumulated social security benefits under 42 U.S.C. § 407.

Furthermore, *Treadwell* stands for the exclusion of one set of exemptions when the other set is chosen or "claimed." That is not the point raised here, that—of the exemptions included in the only set available to the debtor—none is given to the debtor which is not specifically claimed by the debtor in the bankruptcy schedules.

Finally, the continued application of the *Treadwell* exposition of section 522(b) is inappropriate after the 1983 amendment to the anti-assignment statute in the Social Security Act.[8] The amendment of 1983[9] makes clear that no law is to limit, supersede, or modify the anti-assignment statute unless it does so by express reference to said statute.

If *Treadwell* were still applied, as the plaintiff seeks to have done, this congressional insulation of social security benefits from the operation of the bankruptcy laws becomes only an exemption of property to be affirmatively claimed by a debtor. Thus, the statutory language—enhancing the social security benefits—is made inapplicable in the bankruptcy case when the debtor does not claim its protections or when the debtor cannot claim its benefit by virtue of having elected the alternative exemptions provided by section 522(b)(1).

This interpretation of the intent of Congress is untenable because the language of the statute expresses an intent that social security benefits are to be encapsulated with a total shield from the bankruptcy laws. Admittedly this view would appear to make the enumeration of "a right to receive a social security benefit," as an exemption in section 522(d)(10)(A) superfluous; however, the addition of subsection (b) to the anti-assignment statute (42 U.S.C. § 407) by the 1983 amendment, is the later expression of the will of Congress. Whatever view is taken—whether section 407 creates an exemption of accumulated social security benefits which must be chosen or whether it totally excludes such property from the operation of the bankruptcy laws, the holding in *Treadwell* does not fit the case at hand.

In the case of *In re Baxter*, 34 B.R. 911 (Bankr.E.D.Tenn.1983) Judge Kelly ruled that the anti-assignment statute of the Social Security Act was unconstitutional, as applied in a chapter 13 bankruptcy case. It was held that the anti-assignment statute prevented social security benefits from being part of the property of the estate[10] in a bankruptcy case and that a debtor, having no other source of income, would therefore be denied relief under title 11, chapter 13, of the United States Code. Such a result was found to constitute a violation of the debtor's right to equal protection under the law, as provided by the Fifth Amendment to the United States Constitution. Although one could be in agreement with ninety-five percent of the views expressed in *In re Baxter*, one may differ with the conclusion reached therein. It does not appear necessary to render the anti-assignment statute of the Social Security Act unconstitutional.

**7.** *In re Satterwhite*, 28 B.R. 178 (Bankr.M.D.Ala. 1983).

**8.** Subsection (b) added to 42 U.S.C. § 407; Pub. L. No. 98–21, § 335(a) (Apr. 20, 1983).

**9.** 42 U.S.C. § 407(b). The plaintiff cites *United States v. Devall*, 704 F.2d 1513, (11th Cir.1983), for the proposition that the bankruptcy laws impliedly repeal the anti-assignment provision of the Social Security Act. It must be noted, however, that this decision was rendered before the enactment of 42 U.S.C. § 407(b) which clearly limits the applicability of the bankruptcy statutes to social security disability benefits.

**10.** 34 B.R. at 913 citing *In re Hughes*, 7 B.R. 791, 793, 7 BCD 12, 13 (Bankr.E.D.Tenn.1980).

The removal of the court's power to enforce a benefits deduction order against the social security administration does not prevent a debtor from consummating a successful plan of reorganization under title 11, chapter 13, of the United States Code, under which the debtor would make payments to the trustee. Necessary control of the bankruptcy case is given to the court in the power to dismiss or to convert said case to a case under title 11, chapter 7, United States Code, in the event the chapter 13 debtor materially defaults in making payments to the trustee.[11]

Eligibility for chapter 13 relief is stated in title 11, section 109(e), United States Code, and the principal requirement there is that the debtor be an "individual with regular income"—a term defined in section 101(29). The term means an "individual whose income is sufficiently stable and regular to enable such individual to make payments under" the chapter 13 plan. Certainly there is nothing in these provisions which excludes from chapter 13 relief a person dependent solely upon social security benefits—income-deduction order or not. It is at this point that one would have to disagree with the conclusion of the court in *In re Baxter*[12] which holds that " 'regular income' that makes a debtor eligible for Chapter 13 must be a part of the bankruptcy estate...." The possibility for a chapter 13 plan of reorganization's being consummated by the debtor by making payments to the trustee from social security-disability benefits received which are not property of the estate is provided by 11 U.S.C. § 1322(b)(8).

 Section 1322(a) of title 11 requires that the chapter 13 plan "provide for submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." Compliance with this requirement could be met by a provision in the plan that the debtor will cash the social-security-benefits checks at the trustee's office and there permit deduction of the payment then due the trustee under the plan.[13] To construe the statutory requirement as excluding social security beneficiaries from chapter 13 relief appears contrary to the effort required of courts to avoid an interpretation which would cause the court to hold unconstitutional the amendment to the Social Security Act.[14] Both provisions should be interpreted in a manner for them to be constitutionally harmonious, if reasonable to do so.

This Court concludes that 42 U.S.C. § 407(b) clearly limits the application of the bankruptcy process to accumulated social security-disability benefits received by a debtor before the filing of a bankruptcy petition; however, said statute does not go so far as to deny a social security beneficiary, with no other income, relief under title 11, chapter 13, of the United States Code and, therefore, is not unconstitutional. A debtor, pursuant to 42 U.S.C. § 407(b), is not required to claim as an exemption from property of the estate social security-disability benefits received before the filing of a bankruptcy petition if said debtor is claiming exemptions from the property of the estate provided by 11 U.S.C. § 522(b)(1). A debtor claiming exemptions under this section is not required to turn over accumulated social security benefits to the trustee in bankruptcy; however, the debtor may, if desired, fund a chapter 13 plan through the receipt and use of social security benefits.

11. 11 U.S.C. § 1307(c)(6).

12. 34 B.R. 911 (Bankr.E.D.Tenn.1983).

13. Here, again, failure of the debtor to comply with such a plan provision can be dealt with under section 1307(c)(6).

14. An income-deduction order is an extremely important tool in the successful administration of chapter 13 cases, and the amendment to the Social Security Act must be classed as unwise and due for repeal and can well be thought to have been enacted without any substantial congressional consideration.