# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

08-6046

_____

| | | |
|---|---|---|
| In re: Todd Carpenter, | * | |
| | * | |
| Debtor | * | |
| | * | |
| Todd Carpenter, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor - Appellant | * | District of Minnesota |
| | * | |
| vs. | * | |
| | * | |
| Charles W. Ries, | * | |
| | * | |
| Trustee - Appellee | * | |

_____

Submitted: June 30, 2009
Filed: July 13, 2009

_____

Before SCHERMER, FEDERMAN, and SALADINO, Bankruptcy Judges

FEDERMAN, Bankruptcy Judge

Debtor Todd Carpenter appeals from the Bankruptcy Court's Order finding that a prepetition lump sum payment for retroactive social security benefits was property of Carpenter's estate and, further, that Carpenter could not claim an exemption in those funds pursuant to § 522(d)(10)(A) of the Bankruptcy Code.[1]  In so holding, the

---

[1]  11 U.S.C. § 522(d)(10)(A).

Bankruptcy Court concluded that, because Carpenter elected to claim federal exemptions under § 522(d), the provisions of § 407 of the Social Security Act[2] did not apply to protect the funds from Carpenter's creditors. Because we conclude that § 407 of the Social Security Act operates to exclude such funds from a debtor's bankruptcy estate from the outset, we reverse.

The facts, as summarized by the Bankruptcy Court, are simple and uncontested. The Debtor, Todd Carpenter, is disabled and receives social security disability benefits. He initially received a $17,165 lump sum payment for retroactive benefits in the fall of 2007 when his disability status was determined. The funds were deposited into the bank, and maintained in a segregated fashion. Shortly before filing for bankruptcy protection, Carpenter converted the proceeds into a cashier's check. On April 3, 2008, he filed a petition for bankruptcy relief under Chapter 7. He elected pursuant to 11 U.S.C. § 522(b)(2) to claim the federal exemptions under 11 U.S.C. § 522(d), and claimed the social security proceeds exempt under § 522(d)(10)(A). In response to the Trustee's objection to such exemption, Carpenter contended, among other things, that social security benefits, including funds previously paid, are excluded from a debtor's bankruptcy estate altogether, and thus cannot be reached by the Trustee. Since we agree with Carpenter's position on that issue, albeit on different grounds than he asserted below,[3] we need not reach his other arguments.

The filing of a bankruptcy case creates a bankruptcy estate. In general, that estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[4] The Bankruptcy Code then authorizes debtors to

---

[2] 42 U.S.C. § 407.

[3] Among other things, Carpenter argued that the funds were excluded from the estate by virtue of 11 U.S.C. § 541(c)(2). As the Bankruptcy Court held, however, that section does not apply to already-paid retroactive social security benefits because such benefits are not a trust.

[4] 11 U.S.C. § 541(a)(1). *See Rousey v. Jacoway*, 544 U.S. 320, 325, 125 S.Ct. 1561, 1565, 161 L.Ed.2d 563 (2005).

exempt certain property from the estate.  Unless the debtor's state of residence has opted out of the federal exemption scheme pursuant to § 522(b)(2), thus requiring such debtors to claim the applicable state's exemptions, § 522(b)(1) permits debtors to choose exemptions under either (*i*) applicable state law and federal law *other than* § 522(d); (*ii*) or § 522(d).[5]  A debtor who is given the option to choose must choose one of these options to the exclusion of the other.  Minnesota has not opted out, and its law permits its bankruptcy debtors to choose between the exemptions listed in § 522(d), or those provided under state and other federal law.[6]  Carpenter chose under § 522(b)(2) to claim the federal bankruptcy exemptions listed in § 522(d).  As relevant here, § 522(d)(10)(A) of the Bankruptcy Code allows a debtor choosing the § 522(d) exemptions to claim as exempt "the debtor's *right to receive . . .* a social security benefit . . . ."[7]  As the Bankruptcy Court concluded, the cashier's check held by Carpenter does not constitute the "right to receive" a social security benefit, but instead represents funds which were previously paid as such a benefit.  Therefore, the Bankruptcy Court correctly held, Carpenter would not be entitled to exempt them from his estate under § 522(d)(10)(A).

Ordinarily, that would be the end of the matter, and Carpenter would be required to turn over the funds to the Trustee for distribution to creditors.  However, § 522(d)(10)(A) notwithstanding, the treatment of social security payments is governed by a separate federal statute, namely § 407 of the Social Security Act, which bears on the question of whether a social security recipient such as Carpenter is required to give up already-paid benefits for the benefit of his creditors in bankruptcy.

Section 407 of the Social Security Act currently provides, in relevant part, as follows:

---

[5]  11 U.S.C. § 522(b)(1)-(3).

[6] *See In re Martin*, 297 B.R. 750, 751-52 (B.A.P. 8th Cir. 2003).

[7]  (Emphasis added).

3

(a)  The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, *and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.*

(b)  No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.[8]

Treating this statute as an exemption statute, the Bankruptcy Court concluded that Carpenter did not benefit from such exemption because he elected exemptions under § 522(d), to the exclusion of any exemptions provided under state law or federal law other than § 522(d).  If § 407 were an exemption statute, the Bankruptcy Court would have been correct.  Thus, the ultimate question in this appeal is whether § 407 excludes social security proceeds from the recipient's bankruptcy estate altogether. If so, a court need not reach the question of whether such debtor is entitled to exempt them from that estate under another statute such as § 522(d)(10)(A).

Section 407(a) of the Social Security Act was enacted in 1935.[9]  Thereafter, in 1973, the Supreme Court analyzed the statute in *Philpott v. Essex County Welfare Board.*[10]  In that case, a recipient of social security disability payments had agreed with a local welfare agency that, if he were later awarded  social security disability payments for a period of time in which he had received assistance from the local agency, he would reimburse the local agency out of any retroactive social security payment received.  The federal government did award the recipient a retroactive lump

---

[8] 42 U.S.C. § 407 (emphasis added).

[9]  At that time, § 407 contained only what is currently paragraph (a), which remains unchanged.  *See* 74th Cong., Sess. I, Ch. 531, Sec. 208 (August 14, 1935).

[10] 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973).

sum award of social security, representing benefits for the period of time he had received assistance from the local agency. A trustee for the recipient was holding proceeds he had received as retroactive disability payments, and the issue in the case was whether the local agency, a creditor, was entitled to those funds as against the disabled recipient. After pointing out that the protection afforded by § 407 extends to "moneys paid," the Supreme Court held that "the funds on deposit were readily withdrawable and retained the quality of 'moneys' within the purview of § 407."[11] Therefore, the local agency, as a creditor, was not entitled to reach such moneys.

The Bankruptcy Code, which replaced the Bankruptcy Act of 1898, was enacted effective November 1, 1979, which was after the enactment of § 407(a) of the Social Security Act and the Supreme Court's decision in *Philpot*. Thereafter, in 1983, Congress added paragraph (b) to § 407 of the Social Security Act. The legislative history of that amendment indicates that at least some members of Congress were concerned that, notwithstanding § 407(a) and *Philpott*, bankruptcy courts had been holding that social security benefits paid while a debtor was in a Chapter 13 wage-earner case were included in that debtor's bankruptcy estate, and should be paid to creditors instead of being used to pay ongoing living expenses.[12] These holdings were despite the fact that § 407(a) has, all along, provided that "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." As if to emphasize the point, Congress added paragraph (b) to

---

[11] 409 U.S. at 416, 93 S.Ct. at 592.

[12] *See* H.R. Rep. 98-25(I), at 83 (1983), *reprinted in* 1983 U.S.C.C.A.N. 219, 302 ("Based on the legislative history of the Bankruptcy Reform Act of 1978, some bankruptcy courts have considered social security and SSI benefits listed by the debtor to be income for purpose of a Chapter XIII bankruptcy and have ordered SSA in several hundred cases to send all or part of a debtor's benefit check to the trustee in bankruptcy. Your committee's bill specifically provides that social security and SSI benefits may not be assigned notwithstanding any other provisions of law, including . . . the 'Bankruptcy Reform Act of 1978.'"); H.R. Conf. Rep. 98-47, at 153 (1983), *reprinted in* 1983 U.S.C.C.A.N. 404, 443 (same).

provide that "no other provision of law enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."

With that amendment in mind, in the bankruptcy context, at the commencement of a case, § 544 of the Bankruptcy Code authorizes a trustee to, in effect, capture property of the estate by exercising, as relevant here, all powers of a judgment creditor which obtains an execution that is returned unsatisfied.[13]  Nothing in that section, or § 541, or § 522, or any other provision of the Bankruptcy Code, makes "express reference" to § 407 of the Social Security Act, or in any way trumps its provisions. Since enactment of the Bankruptcy Code, and since adding paragraph (b) to § 407, Congress has made significant revisions to the Bankruptcy Code in 1984, 1986, 1994, and 2005, but has never modified any provision in the Code to make such an express reference to § 407.[14]  We hold, therefore, that since no provision in the Bankruptcy Code makes express reference to § 407, and, without such express reference, that statute renders social security benefits, paid or payable, free from the operation of any bankruptcy law, a bankruptcy trustee has no authority to administer, as property of the bankruptcy estate, moneys paid to a debtor as social security benefits.  In other words, such proceeds are not property of the bankruptcy estate.

The Trustee relies on *In re Treadwell*,[15] to support the argument that a debtor may not use § 407 to protect social security benefits once they are paid.  In that case, during the year prior to his bankruptcy, the debtor had received social security payments and transferred them to his two daughters for no consideration.  Treadwell's

---

[13] 11 U.S.C. § 544.

[14] Note also that as part of the 2005 amendments, Congress again expressed its desire to protect social security benefits from creditors by defining a debtor's current monthly income, for purposes of determining the amount of projected disposable income available to creditors, to expressly "exclude[] benefits received under the Social Security Act." 11 U.S.C. 101(10A).

[15] 699 F.2d 1050 (11th Cir. 1983).

trustee filed suit seeking a judgment against the daughters for the amount transferred as a fraudulent conveyance pursuant to § 548 of the Bankruptcy Code.[16] The court held that § 407 did not operate to shield the money in the daughters' hands, and that judgment should be entered against them for the amount fraudulently transferred. Unlike this case, however, and unlike the trustee holding the money in *Philpott*, the daughters were not holding a segregated fund for the benefit of their father. It only makes sense that when the recipient of social security benefits chooses to give away or spend those funds, such funds lose the protection of § 407 in the hands of the person to whom they are paid. But that is not the situation here and *Treadwell* is, therefore, distinguishable. As with the recipient of the benefits in *Philpott*, Carpenter has maintained his retroactive social security payment in a segregated fashion, and has not paid those moneys over to other parties. As a result, he does not lose the protections afforded by § 407.

For the reasons stated, although he cannot claim the retroactive social security benefits exempt under § 522(d)(10), such benefits are excluded from the bankruptcy estate pursuant to 42 U.S.C. § 407, and may be retained by him. The judgment of the bankruptcy court is, therefore, REVERSED.

––––––––––––––––––

[16] Section 548 of the Bankruptcy Code allows a trustee, in addition to administering property of the estate, to recover property (or the value of property) in which the debtor previously had an interest, but transferred that interest prior to bankruptcy, for inadequate consideration.