# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2897

_____

In re: Todd Carpenter,            *

                                 *

           Debtor.       *

_____    *

                                 *

Todd Carpenter,            *

                                 *

           Appellee,   *   Appeal from the United States

                                 *   Bankruptcy Appellate Panel for the

      v.                 *   Eighth Circuit.

                                 *

Charles W. Ries,         *

                                 *

           Appellant.  *

_____

Submitted: May 12, 2010
Filed: July 30, 2010

_____

Before RILEY, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

Todd Carpenter received a lump sum payment from the Social Security Administration (SSA). Shortly thereafter, Carpenter filed for bankruptcy relief under Chapter 7. Carpenter claimed the social security payment was exempt and should not be included in his bankruptcy estate, relying on 42 U.S.C. § 407 ("[N]one of the moneys paid . . . under this [Social Security Act] shall be subject to . . . the operation of any bankruptcy or insolvency law."). The bankruptcy Trustee, Charles W. Ries

(Trustee), objected to the exemption, and the bankruptcy court sustained the Trustee's objection, finding the social security proceeds were property of the estate pursuant to 11 U.S.C. § 541 (including "all legal or equitable interests of the debtor in property as of the commencement of the case," and not excluding social security payments). The United States Bankruptcy Appellate Panel for the Eighth Circuit (BAP) reversed, finding the social security payment was excluded from the Chapter 7 bankruptcy estate pursuant to 42 U.S.C. § 407. We agree with the BAP and reverse the bankruptcy court.

## I.    BACKGROUND

In March 2006, the SSA determined Carpenter was disabled. In September 2007, the SSA sent Carpenter a lump sum payment in the amount of $17,165 for retroactive benefits due for September 2006 through August 2007. Carpenter deposited the check into a bank account on November 6, 2007, and kept the funds segregated. On April 3, 2008, Carpenter filed for relief under Chapter 7 of the Bankruptcy Code. Shortly before filing for bankruptcy, Carpenter withdrew the social security funds in the form of a cashier's check, dated January 31, 2008.

When a debtor files for bankruptcy, a bankruptcy estate is established. See 11 U.S.C. § 541(a). The bankruptcy estate is generally deemed to include all of the debtor's legal or equitable interests in property at the time of filing. See id. § 541(a)(1). The Bankruptcy Code, however, permits the debtor to exempt certain property from the estate. See Rousey v. Jacoway, 544 U.S. 320, 325 (2005). There are two separate exemption schemes. See 11 U.S.C. § 522(b)(1). Debtors may choose to take either (1) the exemptions listed in the Bankruptcy Code at 11 U.S.C. § 522(d); or (2) the exemptions found in applicable state law and federal law other than

§ 522(d).[1]  See id. § 522(b)(1)-(3).  The debtor may choose only one of these options, to the exclusion of the other, and may not combine the two.

Carpenter elected the federal bankruptcy exemptions listed in § 522(d).  One of the listed exemptions under § 522(d) exempts "[t]he debtor's right to receive . . . a social security benefit, unemployment compensation, or a local public assistance benefit."  Id. § 522(d)(10)(A).  Carpenter claimed his social security proceeds were exempt under this provision. Carpenter further argued his accumulated social security proceeds should be excluded from the bankruptcy estate by operation of 11 U.S.C. § 541(c)(2), because the proceeds constituted "a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law."  Carpenter also generally asserted his social security proceeds were protected by 42 U.S.C. § 407, which provides, in pertinent part:

> **(a)** The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and ***none of the moneys paid*** or payable or rights existing ***under this subchapter shall be subject to*** execution, levy, attachment, garnishment, or other legal process, or to ***the operation of any bankruptcy or insolvency law***.
>
> **(b)** ***No other provision of law***, enacted before, on, or after April 20, 1983, ***may be construed to limit***, supersede, or otherwise modify ***the provisions of this section except to the extent that it does so by express reference to this section***.

(emphasis added).

---

[1]Section 522(b)(2) of the Bankruptcy Code permits states to opt out of the federal exemption scheme, thereby requiring debtors to claim the applicable state exemptions. Minnesota, Carpenter's home state, has not opted out, and Carpenter was therefore free to choose between the exemptions listed in 11 U.S.C. § 522(d), or those set forth under state and other federal law.

The bankruptcy court held the 11 U.S.C. § 541(c)(2) exclusion did not apply to the social security funds Carpenter had already received, holding, "[u]nder these circumstances, there is no trustee, beneficiary or trust res because the benefit was long since disbursed and the interest is no longer beneficial but a fully realized present interest in cash." In re Carpenter, 395 B.R. 94, 96 (Bankr. D. Minn. 2008) (Carpenter I). The bankruptcy court then declared, "[t]he ultimate question here is whether the amendment to [42 U.S.C.] § 407 adding paragraph (b) serves to completely exempt Carpenter's Social Security disability proceeds even though he voluntarily elected the federal exemptions and claimed the proceeds exempt under § 522(d)(10)(A)." Id. at 100. The bankruptcy court concluded "§ 407 has no application in light of the debtor's claim of exemptions under §§ 522(b)(2) and (d)." Id.

Carpenter appealed the bankruptcy court's adverse finding to the BAP. The BAP agreed with the bankruptcy court's position that Carpenter's social security proceeds were not exempt under 11 U.S.C. § 522(d)(10)(A), because "the cashier's check held by Carpenter does not constitute 'the right to receive' a social security benefit, but instead represents funds which were previously paid as such a benefit." Carpenter v. Ries (In re Carpenter), 408 B.R. 244, 246 (8th Cir. B.A.P. 2009) (Carpenter II). The BAP determined "the ultimate question in this appeal is whether [42 U.S.C.] § 407 excludes social security proceeds from the recipient's bankruptcy estate altogether. If so, a court need not reach the question of whether such debtor is entitled to exempt them from that estate under another statute such as § 522(d)(10)(A)." Id. at 247. The BAP conducted an analysis of the impact of 42 U.S.C. § 407 on the Bankruptcy Code, and held,

[S]ince no provision in the Bankruptcy Code makes express reference to § 407, and, without such express reference, that statute renders social security benefits, paid or payable, free from the operation of any bankruptcy law, a bankruptcy trustee has no authority to administer, as property of the bankruptcy estate, moneys paid to a debtor as social security benefits.

Id. at 248.  The BAP concluded Carpenter's social security proceeds must be excluded from the bankruptcy estate pursuant to 42 U.S.C. § 407 and may be retained by the debtor.  Id. at 248-49.  The Trustee appeals the BAP's decision.

## II.    DISCUSSION

### A.    Standard of Review

"Applying the same standards as the [BAP], we review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo."  Official Plan Comm. v. Expeditors Int'l of Wash., Inc. (In re Gateway Pac. Corp.), 153 F.3d 915, 917 (8th Cir. 1998).

### B.    Relevant Statutes

"Title II of the Social Security Act of 1935 established a social insurance program for wage earners and their dependents, to be paid out of a trust funded by the payroll taxes of wage earners and their employers."  Hildebrand v. SSA (In re Buren), 725 F.2d 1080, 1084 (6th Cir. 1984).  Section 207 of the Social Security Act protected these social security payments, stating, in part, "none of the moneys paid . . . under this subchapter shall be subject to . . . the operation of any bankruptcy or insolvency law."  42 U.S.C. § 407.  Congress amended Title XVI of the Social Security Act in 1972, and expanded several existing programs to establish a welfare program for "individuals who have attained the age of 65 or are blind or disabled . . . ."  Id. § 1381; see In re Buren, 725 F.2d at 1084.  When Congress amended Title XVI, it explicitly incorporated § 407 to protect the added social security beneficiaries.  See id. § 1383(d)(1).

Congress later enacted the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq.  In doing so, Congress reformulated the classes of persons who may qualify as a "debtor" for purposes of Title 11.  See 11 U.S.C. § 109.  The Bankruptcy Reform Act did not significantly change the previous law as to who was eligible for liquidation under Chapter 7; however, it did broaden the class of persons who were

eligible for relief under Chapter 13.  See id. § 109(b) and (e); H.R. Rep. No. 95-595, at 118-19 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6080 (noting under the previous law, only a "wage earner" could file a Chapter 13 case, and by extending eligibility to any "individual with regular income," the Act would permit "even individuals whose primary income is from investments, pensions, social security, or welfare [to] use Chapter 13 if their income is sufficiently stable and regular"). Congress also expanded the definition of "property of the estate," declaring, as relevant here, that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).

Despite this broad definition of "property of the estate," the Bankruptcy Code contains several provisions which *exclude* specific property interests from the estate. See 11 U.S.C. § 541(b)(1)-(9).  As discussed briefly supra, the Bankruptcy Code also permits debtors to *exempt* certain property from the estate.  Pursuant to 11 U.S.C. § 522(b)(1), a debtor may elect to exempt the property listed under § 522(b)(2), or the property listed under § 522(b)(3), unless of course, the state opts out of the federal bankruptcy scheme.  If the debtor elects to exempt the property listed under § 522(b)(2), the debtor may exempt from the estate all the property specified under § 522(d).  See id. § 522(d)(1)-(12).  One of the exemptions listed under § 522(d) includes "[t]he debtor's right to receive . . . a social security benefit, unemployment compensation, or a local public assistance benefit."  Id. § 522(d)(10)(A).  On the other hand, if the debtor elects to exempt the property set forth in § 522(b)(3), the debtor generally may exempt "any property that is exempt under Federal law, other than subsection (d) of this section, or State and local law that is applicable on the date of the filing . . . ."  Id. § 522(b)(3)(A).  None of the relevant Bankruptcy Code provisions mention 42 U.S.C. § 407, nor do they specify whether past and future social security proceeds are *excluded* from property of the bankruptcy estate altogether, or whether such proceeds may only be *exempted* under either § 522(b)(2) or § 522(b)(3).

## C. Conflicting Statutes

The conflict between the applicable bankruptcy statutes and 42 U.S.C. § 407 is readily apparent. Section 407, in its original form, expressly declared, "none of the moneys paid or payable . . . shall be subject to . . . the operation of any bankruptcy or insolvency law." 42 U.S.C. § 407 (1939). In contrast, under the Bankruptcy Code, "all legal or equitable interests of the debtor in property" are deemed to be property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). The Bankruptcy Code does not expressly reference § 407 or exclude social security income from property of the estate, but instead provides certain exemptions, which may, or may not, permit the debtor to exempt social security proceeds. The inconsistency between § 407 and the Bankruptcy Code is most transparent under Chapter 13 of the Bankruptcy Code, which was designed, in part, to expand relief under the Bankruptcy Code to social security recipients. See United States v. Devall, 704 F.2d 1513, 1516 (11th Cir. 1983) (reasoning, "[b]ecause it is evident that Congress anticipated social security recipients could use Chapter 13, it follows that social security benefits are properly included in the debtor's Chapter 13 estate"); Toson v. United States, 18 B.R. 371, 373-75 (Bankr. N.D. Ga. 1982) (recognizing the "conflict between Chapter 13 of the Bankruptcy Code and the Social Security Act," distinguishing Chapter 13 cases from bankruptcy filings under other chapters, and concluding "enactment of the Bankruptcy Code partially repealed the anti-assignment provisions" of the Social Security Act, 42 U.S.C. § 407). Chapter 13 also invests bankruptcy courts with the power to "order any entity from whom the debtor receives income to pay all or any part of such income to the trustees." 11 U.S.C. § 1325(c). This provision also conflicts with § 407 under circumstances where a court orders the SSA to send a debtor's social security payments to the bankruptcy trustee. See In re Buren, 725 F.2d at 1081.

Due to these inconsistent provisions, courts have struggled to determine when social security proceeds should be included in a debtor's bankruptcy estate. Some courts have held Congress implicitly repealed 42 U.S.C. § 407 by enacting the Bankruptcy Reform Act of 1978. See Devall, 704 F.2d at 1518; Toson, 18 B.R. at 373

(listing cases). The Eleventh Circuit determined, in <u>Walker v. Treadwell</u> (<u>In re Treadwell</u>), 699 F.2d 1050, 1052 (11th Cir. 1983), that § 407 is merely an exemption provision which the debtor must affirmatively claim. As a consequence, debtors who elect the state and federal exemptions other than those set forth in 11 U.S.C. § 522(d) may use 42 U.S.C. § 407 to preclude both past and future social security payments. <u>See</u> <u>Treadwell</u>, 699 F.2d at 1052. Under the Eleventh Circuit's interpretation, § 407 is inapplicable to those debtors who elect the exemptions set forth under 11 U.S.C. § 522(d). <u>See</u> <u>id.</u> This creates an unusual result because debtors choosing the exemptions listed in § 522(d) may exempt future social security payments under 11 U.S.C. § 522(d)(10)(A), but no protection is provided to social security payments which have already been received by the debtor.

In 1983, Congress reacted to court decisions limiting the scope of the Social Security Act by amending § 407. Congress added subsection (b) which states, "No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." 42 U.S.C. § 407(b).[2] This

---

[2]We need not consider the legislative history behind the amendment because the language of the statute is unambiguous and clear on its face. <u>See</u> <u>Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC</u>, 556 F.3d 690, 693 (8th Cir. 2009) ("In the usual case, if 'the statute's language is plain, the sole function of the courts is to enforce it according to its terms,' without reference to its legislative history." (quoting <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 241 (1989))). However, at least some members of Congress were concerned bankruptcy courts had ordered the SSA to send debtors' social security payments directly to trustees. <u>See</u> H.R. Rep. No. 98-25, pt. 1, at 82-83 (1983), <u>reprinted</u> <u>in</u> 1983 U.S.C.C.A.N. 219, 302 ("Based on the legislative history of the Bankruptcy Reform Act of 1978, some bankruptcy courts have considered social security and SSI benefits listed by the debtor to be income for purposes of a Chapter XIII bankruptcy and have ordered SSA in several hundred cases to send all or part of a debtor's benefit check to the trustee in bankruptcy. Your committee's bill specifically provides that social security and SSI benefits may not be assigned notwithstanding any other provisions of law, including . . . the 'Bankruptcy Reform Act of 1978.'").

amendment did little to clarify the interplay between § 407 and the Bankruptcy Code, and courts have failed to interpret the applicable provisions consistently. Compare In re Lazin, 217 B.R. 332, 334 (Bankr. M.D. Fla. 1998) (finding 42 U.S.C. § 407 is an exemption provision, which may be claimed, only so long as the debtor does not also claim the exemption under 11 U.S.C. § 522(d)); with In re Frazier, 116 B.R. 675, 678-79 (W.D. Wis. 1990) (holding 11 U.S.C. § 522(d)(10) should be interpreted as exempting both past and future social security payments in an effort to harmonize § 407 with the Bankruptcy Code).

### D.    Proper Resolution

The Sixth Circuit, in In re Buren, 725 F.2d at 1085-87, conducted a thorough analysis of the impact of § 407 on the Bankruptcy Code. In re Buren involved seven consolidated cases in which debtors receiving social security disability payments filed voluntary petitions under Chapter 13. See id. at 1081. In each case, the debtor informed the bankruptcy court the social security benefits constituted regular income, as required to qualify for Chapter 13. See id. The bankruptcy court ordered the government to send the social security benefits directly to the trustee, and on appeal, the district court affirmed. See id. The Sixth Circuit reversed, concluding § 407 "specifically prevents judicial intrusion into the benefit payment process," and "Chapter 13 was never intended to allow bankruptcy courts to compel the [SSA] to pay debtor's social security benefits directly to the trustee." Id. at 1086, 1087. The Sixth Circuit noted the Bankruptcy Code explicitly repealed and modified numerous statutory provisions, yet failed to include § 407 in the list of those provisions. See id. at 1085, 1087. The Sixth Circuit criticized the district court's finding that to interpret § 407 to prohibit the taking of social security proceeds would "[r]emove[] social security recipients from the purview of Chapter 13." Id. at 1085 (quoting In re Buren, 6 B.R. 744, 749 (M.D. Tenn. 1980)). The appellate court reasoned that § 407 "leaves unimpaired Congress' desire to open Chapter 13 to social security recipients," because, "[a]s a practical matter, a willing debtor can simply sign his check over to the trustee." Id. at 1086; see also Combustion Fed. Credit Union v. Barron (In re Barron),

85 B.R. 603, 607 (Bankr. N.D. Ala. 1988) ("The removal of the court's power to enforce a benefits deduction order against the [SSA] does not prevent a debtor from consummating a successful plan of reorganization under [Chapter 13], under which the debtor would make payments to the trustee.").

Although Carpenter's case here involves a Chapter 7 bankruptcy, as opposed to a Chapter 13 bankruptcy, we believe In re Buren is instructive. As recognized by the Sixth Circuit, § 407 does not contain any qualifying language. It explicitly demands that no past or future social security payments may be subject to the operation of any bankruptcy law. See 42 U.S.C. § 407(a). Section 407 also instructs that it is not to be limited by any other provision of law, without express reference to § 407. See id. § 407(b). If we were to hold, as the bankruptcy court did in this case, that § 407 is a mere exemption which may not be claimed if the debtor instead elects the exemptions set forth in 11 U.S.C. § 522(d), then we would also be interpreting § 407 contrary to the express language of § 407, saying the scope of § 407's protection is limited. See In re Barron, 85 B.R. at 606. "This interpretation of the intent of Congress is untenable because the language of the statute expresses an intent that social security benefits are to be encapsulated with a total shield from the bankruptcy laws." Id.

We therefore hold, in accord with the BAP's decision, that § 407 operates as a complete bar to the forced inclusion of past and future social security proceeds in the bankruptcy estate. See Carpenter II, 408 B.R. at 246-49; see also In re Buren, 725 F.2d at 1086 (noting "social security payments only become part of a debtor's estate if he chooses to include them"). We conclude § 407 must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not as an exemption provision which must be claimed by

the debtor.[3]  See 42 U.S.C. § 407; 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 522.09[10][a] n.76 (16th ed. 2010) ("Congress amended 42 U.S.C. § 407 to clarify that the inalienability of Social Security benefits was not repealed by the Bankruptcy Code, so that such benefits should not even become part of the bankruptcy estate.").[4]

## III.  CONCLUSION

We affirm the judgment of the BAP reversing the bankruptcy court.

---

[3]We recognize it is not easy to reconcile our interpretation of § 407 with the provision in the Bankruptcy Code which states that a debtor may elect to exempt "[t]he debtor's right to receive . . . a social security benefit, unemployment compensation, or a local public assistance benefit."  11 U.S.C. § 522(d)(10)(A).  As discussed above, there is no way to construe § 407 in a manner which would not conflict with the Bankruptcy Code.  The bankruptcy court in In re Barron, 85 B.R. at 606, dismissed the discrepancy, reasoning "the addition of subsection (b) to the anti-assignment statute (42 U.S.C. § 407) by the 1983 amendment, is the later expression of the will of Congress."  The Sixth Circuit observed "sections 522(b)(2)(A) and 522(d)(10) are hortatory reaffirmations of the uncontested fact that social security payments only become part of a debtor's estate if [the debtor] chooses to include them."  In re Buren, 725 F.2d at 1086.  Further, the Supreme Court has found these exemptions should not be deemed "surplusage" if the exemption provision excludes a broader category of interests than those which are excluded from the bankruptcy estate altogether.  See Patterson v. Shumate, 504 U.S. 753, 762-63 (1992).  Section 522(d)(10)(A) clearly exempts more than just social security payments from the SSA, and therefore, is not necessarily inconsistent with our interpretation of the proper application of the statutes.

[4]Such a holding does not deny social security recipients the opportunity to file for relief under Chapter 13 of the Bankruptcy Code.