**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                                    )    BAP No. CC-16-1347-TaFC
                                          )
ROSALINDA T. BUENVIAJE,                   )    Bk. No. 2:16-bk-15191-VZ
                                          )
                Debtor.                   )
_____ )
                                          )
LETICIA L. CHARNETSKY;                    )
VICTOR C. CHARNETSKY; THE                 )
FAMILY TRUST OF VICTOR C.                 )
CHARNETSKY AND LETICIA L.                 )
CHARNETSKY,                               )
                                          )
                Appellants,               )
                                          )
v.                                        )    **MEMORANDUM**[*]
                                          )
ROSALINDA T. BUENVIAJE,                   )
                                          )
                Appellee.                 )
_____ )

Argued and Submitted on February 23, 2017
at Pasadena, California

Filed – March 10, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

_____

Appearances:    Eric V. Anderton of Catanzarite Law Corporation
                argued for appellants; Nicholas Watts Gebelt,
                Ph.D. argued for appellee.

_____

_____

    [*]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8024-1(c)(2).

Before:   TAYLOR, FARIS, and CLEMENT,** Bankruptcy Judges.

**INTRODUCTION**

Chapter 11[1] debtor Rosalinda Buenviaje receives social security benefits; she deposits them into a segregated bank account. After filing a voluntary chapter 11 petition, Debtor claimed the full amount in that bank account as exempt. The bankruptcy court overruled Appellants' objection to the exemption based on its interpretation of California law. We disagree with the bankruptcy court's rationale, but we agree that the objection lacks merit. As a result, we AFFIRM.

**FACTS**

Debtor filed a voluntary chapter 11 petition. On Schedule A/B, she listed $30,000 in a Chase Bank deposit account (the "SSI Account"). On Schedule C, she claimed the full amount in the SSI Account as exempt under California Code of Civil Procedure ("CCP") § 703.140(b)(10)(A).

Debtor's § 341(a) creditors' meeting was continued until June 24, 2016, and a review of the entire docket indicates that it concluded on that date.[2] Debtor later, on July 7, 2016,

---

** The Hon. Fredrick E. Clement, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We exercise our discretion to take judicial notice of
(continued...)

2

amended her Schedule C, but she did not amend her claim of exemption in the SSI Account in any respect.

On July 26, 2016, Appellants objected to four of Debtor's claimed exemptions, including, as relevant here, her exemption of the SSI Account. They argued that CCP § 703.140(b)(10)(A) did not apply because it exempted only the future right to receive payments and did not exempt payments already received.

Debtor, naturally, opposed. First, she argued that nothing in CCP § 703.140(b)(10)(A) "limits its protection to the right to receive future social security payments. A debtor can exempt money already received as a social security benefit." Second, she contended that she established the SSI Account specifically for use with her social security income, explained that she deposited her social security income into the SSI Account, and argued that on the petition date the money in the SSI Account, therefore, was exempt.

In reply, Appellants augmented their original argument with the observation that, if the California legislature had intended to exempt more than future social security income, it would have included language similar to that found in CCP § 703.140(b)(11). That statute provides an exemption not only for the "debtor's right to receive [certain payments]" but also for "property that is traceable to [the payment]".

At the hearing on the exemption objections, Debtor's

---

[2](...continued)
documents electronically filed in the underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

counsel added a "couple of things" to his client's opposition. Hr'g Tr. (Sept. 20, 2016) 5:12-14. He started: "First off, counsel is correct with the – with respect to the Social Security and there is a different statute that protects prepetition paid Social Security. It's 42 U.S.C. Section 407(a). And so there's a simple solution to dealing with that. I can simply amend Schedule C to apply that . . . ." Hr'g Tr. 5:14-19. The bankruptcy court clarified: "Are you now abandoning the argument that 703.140(b)(10)([A]) does not include Social Security benefits that have been paid?" Hr'g Tr. 7:5-7. "No," started Debtor's counsel, but the bankruptcy court interjected: "You're just saying there's also a federal exemption, though?" Hr'g Tr. 7:8-10. Debtor's counsel agreed: "Exactly." Hr'g Tr. 7:11.

After further argument, the bankruptcy court ruled on other exemptions not relevant to this appeal and then turned to the SSI Account objection:

> As to the objection as to the Social Security benefits, again, there's nothing in the statute that limits it to benefits -- Social Security benefits that are to be provided or to be received, as opposed to Social Security benefits that have been received, as well as those coming in the future. I have evidence from the debtor in response to the motion that she has segregated her Social Security benefits and that everything in that account is only Social Security benefits.

Hr'g Tr. 10:19-11:2. The bankruptcy court continued: "So based upon the exemption claim, there is no basis to disallow that claim of exemption and the moving party cannot cite me to any legal authority that supports its interpretation of the limits as asserted." Hr'g Tr. 11:3-6.

4

The bankruptcy court then entered an order overruling the objection. Appellants timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in overruling Appellants' objection and upholding Debtor's claimed exemption in the SSI Account.

## STANDARD OF REVIEW

We review de novo a debtor's right to claim an exemption. Elliot v. Weil (In re Elliot), 544 B.R. 421, 430 (9th Cir. BAP 2016). We review the bankruptcy court's factual findings for clear error. Id. A factual finding is clearly erroneous if illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). And we may affirm on any basis in the record. Bill v. Brewer, 799 F.3d 1295, 1299 (9th Cir. 2015).

## DISCUSSION

On appeal, the parties repeat the arguments they raised below, and there is no factual dispute on the key point: they agree that the SSI Account contains exclusively social security proceeds received before Debtor filed bankruptcy. We adopt the undisputed facts as agreed to by the parties, and we affirm but

not for the reasons stated by the bankruptcy court.

### A. The Social Security proceeds never entered the bankruptcy estate.

A debtor is required to list all of her property in her schedules. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 785 (9th Cir. 2001) ("The Bankruptcy Code and Rules impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets . . . ." (internal quotation marks omitted)). And generally, "[w]hen a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate, see 11 U.S.C. § 541, subject to the debtor's right to reclaim certain property as 'exempt,' § 522(l)." Schwab v. Reilly, 560 U.S. 770, 774 (2010).

In some cases, however, an asset — while listed on a debtor's schedules — never becomes an estate asset. And here, while the Debtor does little to advance or develop the point, she argues that 42 U.S.C. § 407 protects the SSI Account from inclusion in her bankruptcy estate. In her appellate brief, Debtor quotes the relevant language in 42 U.S.C. § 407(a). And at the hearing before the bankruptcy court, her counsel generally argued that the statute "takes Social Security off the table, period." Hr'g Tr. 7:13-14. Appellants respond but fail to squarely confront the issue. Neither party cites the extensive and compelling case law discussing the topic. In resolving this issue, we follow the Eighth Circuit, its BAP, and numerous other persuasive authorities.

We hold that 42 U.S.C. § 407 "operates as a complete bar to the forced inclusion of past and future social security proceeds

6

in the bankruptcy estate." Carpenter v. Ries (In re Carpenter) ("Carpenter III"), 614 F.3d 930, 936 (8th Cir. 2010). We, thus, agree that this federal statute creates an exception to the general rule of § 541 and operates as a bar to the forced inclusion of social security proceeds, and thus the SSI Account, in the bankruptcy estate.

We start with the relevant statutory texts. Section 541 provides that the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). But 42 U.S.C. § 407 provides, as relevant here:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and **none of the moneys paid** or payable or rights existing **under this subchapter shall be subject** to execution, levy, attachment, garnishment, or other legal process, or **to the operation of any bankruptcy or insolvency law**.
>
> (b) **No other provision of law**, enacted before, on, or after April 20, 1983, **may be construed to limit**, supersede, or otherwise modify **the provisions of this section except to the extent that it does so by express reference to this section**.

42 U.S.C. § 407 (emphasis added).

These statutes conflict; and "courts have struggled to determine when social security proceeds should be included in a debtor's bankruptcy estate." Carpenter III, 614 F.3d at 934 (citing cases).

The Sixth Circuit determined that the Bankruptcy Reform Act of 1978 did not impliedly repeal 42 U.S.C. § 407. Hildebrand v. Soc. Sec. Admin. (In re Buren), 725 F.2d 1080, 1081 (6th Cir. 1984). Accordingly, the Sixth Circuit concluded that the bankruptcy court could not order the government to send social

7

security benefits directly to a chapter 13 trustee.  Id. at 1087.  The Eighth Circuit, in accord with the Eighth Circuit BAP, came to a similar conclusion in the chapter 7 context; it affirmed the BAP's determination that a chapter 7 debtor's social security proceeds "must be excluded from the bankruptcy estate pursuant to 42 U.S.C. § 407 and may be retained by the debtor."  Carpenter III, 614 F.3d at 933.[3]

We agree.  Section 407 of Title 42 is unqualified: "It explicitly demands that no past or future social security payments may be subject to the operation of any bankruptcy law."  Carpenter III, 614 F.3d at 936.  Further, 42 U.S.C. § 407(b) provides that only laws expressly referring to it may limit its application.  And, as the Eighth Circuit BAP explained, "no provision in the Bankruptcy Code makes express reference to

---

[3]  We do not find the Eleventh Circuit's Walker v. Treadwell (In re Treadwell), 699 F.2d 1050 (11th Cir. 1983), decision compelling.  Carpenter III, 614 F.3d at 935; Carpenter v. Ries (In re Carpenter) ("Carpenter II"), 408 B.R. 244, 248-49 (8th Cir. BAP 2009) (distinguishing Treadwell on the facts); In re Radford, 265 B.R. 827, 830 (Bankr. W.D. Mo. 2000).  Even if we did find Treadwell persuasive, it would not apply to this case.  The Eleventh Circuit reasoned that 42 U.S.C. § 407 was essentially an exemption:

> This analysis of section 522 illustrates that the exemption from the operation of the bankruptcy law provided by 42 U.S.C.A. § 407 is not absolute.  If a debtor chooses the Bankruptcy Code exemptions, he gives up the protection of section 407, freeing accumulated social security benefits for the satisfaction of creditors.

In re Treadwell, 699 F.2d at 1052.  California debtors may not claim the federal exemptions.

[42 U.S.C.] § 407 . . . . ." Carpenter II, 408 B.R. at 248. See also 4 Collier on Bankruptcy ¶ 522.09[10][a] n.76 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010) ("Congress amended 42 U.S.C. § 407 to clarify that the inalienability of Social Security benefits was not repealed by the Bankruptcy Code, so that such benefits should not even become part of the bankruptcy estate. Social Security benefits are protected by 42 U.S.C. § 407 even after they have been received and placed in a bank account." (citation omitted)).

Appellants contend that Debtor waived her ability to claim a 42 U.S.C. § 407 exemption because she did not assert it in her schedules. We disagree. If 42 U.S.C. § 407 applies, as we hold it does, then the social security benefits are excluded from and never enter the estate. A debtor claims exemptions in estate property. Debtor, thus, did not need to assert a "42 U.S.C. § 407 exemption" in the SSI Account. See In re Franklin, 506 B.R. 765, 776 (Bankr. C.D. Ill. 2014) ("It follows that since a debtor's right to receive future social security benefits and proceeds traceable to benefits already paid do not become property of the bankruptcy estate, there is no need to claim them as exempt, as the exemption process applies only to property of the estate."). 42 U.S.C. § 407 creates an exclusion — not an exemption.

Appellants' reliance on In re Varney, 449 B.R. 411 (Bankr. D. Idaho 2011) (Pappas, J), is not persuasive; the case is legally and factually distinguishable.

First, although Varney discusses social security disability benefits, it does not consider the effect of 42 U.S.C. § 407.

9

Cf. In re Welsh, 465 B.R. 843, 859-60 (9th Cir. BAP 2012) (Pappas, J., dissenting) ("That 42 U.S.C. § 407(a) may place Social Security benefits out of the reach of, for example, a hungry chapter 7 bankruptcy trustee trying to assemble funds to distribute to creditors is no justification to disregard the existence of such income in judging a debtor's good faith in proposing a particular plan under chapter 13."). Its emphasis on the need for disclosure and claim of exemption in even "unquestionably exempt" estate assets does not aid Appellants where the SSI Account was not an estate asset.

Second, factually, it involved a debtor who failed to schedule or exempt an interest in the social security benefits until after the chapter 7 trustee brought a turnover motion. 449 B.R. at 415. Here, Debtor disclosed the SSI Account at case initiation. Debtor was required to schedule the SSI Account; it was her asset even if not an asset of the estate. In re Franklin, 506 B.R. at 776 ("[N]otwithstanding the exclusionary effect of § 407, debtors are still required to disclose social security proceeds and their right to receive future benefits in their schedule of personal property. The disclosure requirement, by itself, does not subject such benefits to the operation of the bankruptcy laws." (citation omitted)).

Appellants also argue that the funds lost their status as social security payments when Debtor deposited them into an account jointly in the name of her son. Debtor counters that they waived this argument on appeal by failing to raise it before the bankruptcy court. Appellants do not say that they

10

raised it below (they did not), but they contend that we may consider a pure question of law and that Debtor does not dispute that the account is a joint account.[4] They further suggest that we may consider it in connection with Debtor's 42 U.S.C. § 407 argument. We disagree. Central to the bankruptcy court's decision was a finding that the funds in the account were social security benefits: "I have evidence from the debtor in response to the motion that she has segregated her Social Security benefits and that everything in that account is only Social Security benefits." Hr'g Tr. 10:24-11:2. Appellants' "purely legal" point could thus undercut the bankruptcy court's factual findings.[5] We thus decline to consider the argument because it was raised for the first time on appeal. See Kaass Law v. Wells Fargo Bank, N.A., 799 F.3d 1290, 1293 (9th Cir. 2015).

Given the above, the social security proceeds never became estate property; Debtor did not need to exempt them; and,

---

[4] By a separate motion submitted simultaneously with their reply, Appellants ask us to take judicial notice of Debtor's son's bankruptcy petition. We grant the motion and take judicial notice of the filing of the petition, but not the truth of any facts asserted in it. Cf. Lee v. City of L.A., 250 F.3d 668, 690 (9th Cir. 2001).

[5] In Carpenter II, the Eighth Circuit BAP discussed when social security benefits lose the protection of 42 U.S.C. § 407(a). 408 B.R. at 247–49 (considering Philpott v. Essex County Welfare Board, 409 U.S. 413 (1973), and In re Treadwell). Here, the proceeds are in cash form and still available to Debtor. If Appellants believe Debtor's son has rights to the SSI Account, they may raise the matter in his bankruptcy case. See id. at 249 ("It only makes sense that when the recipient of social security benefits chooses to give away or spend those funds, such funds lose the protection of § 407 in the hands of the person to whom they are paid.").

11

correspondingly, Appellants' objection to Debtor's exemption had no legal import. The bankruptcy court thus reached the proper result in overruling Appellants' exemption objection.

**B.   Any error in the bankruptcy court's decision was harmless.**

Although we do not reach them, we acknowledge two intertwined issues that go to the propriety of the bankruptcy court's decision on the merits. First, Appellants' contention that CCP § 703.140(b)(10)(A) does not exempt proceeds traceable to social security payments is apt. We find persuasive their argument regarding the contrast of its language (exempting the "right to receive") with the language of CCP § 703.140(b)(11) (exempting the debtor's "right to receive, or property that is traceable to"). The difference in the statutory language suggests that one exemption applies only to present or future income while another includes an asset traceable to the proceeds of prior distributions. We acknowledge that California law is silent on this point, but we are aided by cases analyzing the identical language in the federal exemptions. See Carpenter II, 408 B.R. at 249; In re Panza, 219 B.R. 95, 98 (Bankr. W.D. Pa. 1998); In re Williams, 181 B.R. 298, 301 (Bankr. W.D. Mich. 1995) ("It appears that Congress intended not to exempt traceable assets under § 522(d)(10) because it did not explicitly do so. The fact that such language is contained in § 522(d)(11) underscores that Congress knew how to include traceable assets in § 522(d)(10) had it desired to do so."); In re Treadwell, 699 F.2d at 1052. The California legislature also knew how to make clear that traceable assets are included

12

as exempt; it did so in CCP § 703.140(b)(11), but it did not do so in CCP § 703.140(b)(10). That said, we need not and do not definitively decide this matter.

Second and on the other hand, if we are incorrect in our determination that exemption of the SSI Account was unnecessary because it was not an asset of the estate but are correct that the bankruptcy court misapplied CCP § 703.140(b)(10), the bankruptcy court's overruling Appellants' exemption objection could be harmless error because the objection in the SSI Account appears to be untimely.

Rule 4003 both directs debtors to list their § 522 exemptions on their schedules and outlines claim objection procedures. In order for an objection to an exemption to be timely, it must be filed within 30 days after the creditors' meeting held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. Fed. R. Bankr. P. 4003(b)(1). Here, the § 341(a) meeting likely concluded on June 24, and Appellants filed their objection on July 27, 2016, 32 days later. Debtor's July 7, 2016 amendment did not restart the objection period as to the SSI Account because that claim of exemption was not modified. Bernard v. Coyne (In re Bernard), 40 F.3d 1028, 1032 (9th Cir. 1994) (new 30-day objection period runs "only with respect to the exemptions added via the amendment").

Unless a party in interest objects, a debtor's claimed exemption "is exempt." 11 U.S.C. § 522(*l*). This has been referred to as an "exemption by default." Heintz v. Carey (In re Heintz), 198 B.R. 581, 583 (9th Cir. BAP 1996). Thus,

13

through exemption, assets leave the estate and are no longer subject to creditors' claims. <u>Owen v. Owen</u>, 500 U.S. 305, 308 (1991); <u>11 U.S.C. § 522(c)</u>. Here, the timing of the objection to exemption may have the same impact as our determination under 42 U.S.C. § 407; at the time of objection, the SSI Account was not an estate asset.

At oral argument, Debtor's counsel stated that they saw the timeliness issue but decided not to raise it; nor did they raise it in their appellate briefs. Given our decision above, we need not decide whether § 522(*l*) and Rule 4003(b) limit our ability to review the merits of an untimely exemption objection even when the debtor fails to raise timeliness.

**CONCLUSION**

Based on the foregoing, we AFFIRM.

14